On June 13,1975 the court issued the following order:
Before CoweN, Chief Judge, Davis and BeNNett, Judges,
“This case is before the court on (1) plaintiff’s request for review of the trial judge’s supplemental pre-trial order of April 10, 1975, holding that plaintiff may not take the testimony of three members of the Air Force Board for Correction of Military Records (AFBCMR), such testimony having been ruled inadmissible for the purposes set forth in plaintiff’s offer of proof, and (2) plaintiff’s motion asking that the court reconsider its order of November 22, 1974, which affirmed the trial judge’s order denying plaintiff the opportunity to require answers by members of the Board to certain interrogatories.
“Plaintiff’s application for correction of his military record asked for voidance of four officer effectiveness reports and removal from his records of two non-selections or passovers to the grade of temporary major. Plaintiff shows to the court that on November 22,1971, the Secretary on recommendation of the Correction Board voided the effectiveness reports, but took no action on and made no reference to the passovers alleged to have been predicated on the erroneous OER’s. Plaintiff on November 21, 1973, requested that the Board reconsider his application for removal of the two passovers and enlarged his application by seeking his removal of the two permanent non-selections to major, the second of which had taken place during the pendency of his previous application to the Board. Plaintiff asked that his record be amended to show him as having been selected for both temporary and permanent major. On March 29, 1974, the Board by letter *963 denied the application without a hearing, stating simply that plaintiff had failed to submit sufficient evidence to establish a showing of probable error or injustice in the case. Suit for back pay was filed on May 1, 1974, and the aforesaid discovery efforts followed.
“Upon consideration of the orders of the trial judge, the request for review and motion to reconsider, and defendant’s opposition thereto, we conclude that the request and the motion should be denied. However, the court is unable to ascertain why the Board granted plaintiff partial relief by voiding the erroneous OEE’s but not the passovers which they allegedly occasioned. The Board held no hearing and made no findings or reference to the passovers in its decisions in either 1971 or 1974. The Secretary of the Air Force in acting on the recommendation of the Board made no reference to the passovers which are claimed to be the end result of the defective OEE’s and to have caused plaintiff’s promotion failures. The request for relief as to the passovers was neither approved nor denied. We think that the Board should reconsider this matter and state its reasons, if any, for not mentioning the passovers and should state why it is not necessary to void them in order to give plaintiff complete relief from the error and injustice caused by the defective OEE’s, which were set aside.
“On the basis of the record before us, there is substantial doubt that the Board adhered to its own liberal mandate to correct errors in and remove injustice from plaintiff’s military personnel record. Riley v. United States, 204 Ct. Cl. 865 (1974). We have previously held that a Secretary and his Boards have an abiding moral sanction to determine, insofar as possible, the true nature of an alleged injustice and to take steps to grant thorough and fitting relief. Duhon, Jr. v. United States, 198 Ct. Cl. 564, 570, 461 F. 2d 1278 (1972). In the context of other factual situations we have also held that once a Board decides to correct a record and to grant relief “* * * it should not be free to slice the relief illegally or arbitrarily, sending the claimant forth with half-a-legal-loaf or even less.” DeBow v. United States, 193 Ct. Cl. 499, 504, 434 F. 2d 1333 (1970), cert. denied, 404 U.S. 846 (1971); Ray v. United States, 197 Ct. Cl. 1, 453 F. 2d 754 (1972); Denton v. *964 United States, 204 Ct. Cl. 188, cert. denied, 421 U.S. 963 (1975); Yee v. United States, 206 Ct. Cl. 388, 512 F. 2d 1383 (1975). Further, the court has found that there must be satisfactory indication that a correction board’s decision is based “upon a balanced consideration of all the evidence available and presented.” Smith v. United States, 168 Ct. Cl. 545, 553 (1964).
“it is therefore ordered that plaintiff’s request for review and motion for reconsideration be and they are hereby denied.
“it is further ordered that pursuant to Pub. L. 92-415, 86 Stat. 652, 28 U.S.C. § 1491 (Supp. Ill 1973), the foregoing authorities, and Court of Claims Rule 149, the case is remanded to the Air Force Board for Correction of Military Records with instructions to reconsider the case consistent with the views expressed in this order; and to make findings of fact showing the basis for its conclusions on such reconsideration.
“In its reconsideration of plaintiff’s application for relief, the Board shall consider the record heretofore made, and in its discretion, may grant a hearing and consider such other evidence and materials as may properly be presented by the parties.
“After completion of the Board’s proceedings, the record thereof will be presented in normal course for action by the Secretary of the Air Force.
“Counsel for the plaintiff is designated under Rule 149 (f) to advise the trial judge and opposing counsel of the status of procedings on remand at intervals of 90 days or less, beginning with the date of this order.
“These proceedings are stayed for a period not to exceed six months from the date of this order, pending the Board’s reconsideration upon remand.”