**Albert C. HOMCY**

v.

**The UNITED STATES.**

**No. 187–74.**

United States Court of Claims.

June 16, 1976.

---

Robert H. Reiter, Washington, D. C., atty. of record, for plaintiff; Spaulding, Reiter & Rose, Washington, D. C., of counsel.

Stephen G. Anderson, Washington, D. C., with whom was Asst. Atty. Gen. Rex E. Lee, Washington, D. C., for defendant.

Before NICHOLS, KUNZIG and BENNETT, Judges.

## ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

KUNZIG, Judge:

In this military pay case plaintiff, a former U. S. Army lieutenant, seeks to recover accrued pay, allowances, and other benefits allegedly denied him from the time of his improper separation from the service in 1944. Because plaintiff's claim is barred by the six-year statute of limitations and has not been revived by recent events, we hold for defendant.

The circumstances of the instant case are extraordinary, if for no other reason than the lapse of time between the underlying events and the initiation of the present suit. On August 27, 1944, plaintiff refused an order from his battalion commander to accompany a war-time patrol in search of

enemy tanks. There were extenuating reasons leading to plaintiff's refusal as the men selected to carry out the mission were mostly cooks and orderlies, unqualified to accomplish the mission. However, plaintiff admitted having refused to obey a direct order.

On October 19, 1944, plaintiff was convicted by a General Court Martial of misbehavior before the enemy. He was sentenced to:

be dismissed [from] the service, to forfeit all pay and allowances due or to become due, and to be confined at hard labor, at such place as the reviewing authority may direct, for fifty (50) years.

The sentence was reduced to ten years but otherwise affirmed by the reviewing authorities.

Plaintiff served fourteen months of the sentence after his dishonorable discharge of December 5, 1944. On January 7, 1946, plaintiff reenlisted in the Army as a private. The Army vacated the remainder of his sentence. Plaintiff received an honorable discharge from this 1946 enlistment on August 24, 1946.

Plaintiff then began his long campaign to have his dishonorable discharge overturned. The Board for Correction of Military Records (BCMR) denied numerous pleas from 1947 until 1961. In 1961 the BCMR granted plaintiff a full hearing, but again, denied his petition. In 1967, allegedly having obtained new evidence, plaintiff renewed his application to the BCMR. The Board denied the petition, this time without a hearing.

Having failed at the BCMR, plaintiff ventured into the district court in search of vindication. He brought a declaratory judgment action in the United States District Court for the District of Columbia seeking: (1) a judgment that the Court Martial lacked jurisdiction and that plaintiff's records should be corrected to show an honorable discharge in 1944; (2) a mandatory injunction ordering the BCMR to correct plaintiff's records to this effect; and (3) other appropriate relief. Significantly, plaintiff's counsel, in open court in the presence of plaintiff, specifically disavowed any money damage claims in connection with the district court action.

The district court rendered judgment in favor of plaintiff on the ground that the Court Martial was subject to improper command influence. It held that plaintiff was entitled to have a limited records correction.[1] The Court of Appeals (D.C. Cir.) affirmed, solely on the basis of improper command influence. *Homcy v. Resor,* 147 U.S.App.D.C. 277, 455 F.2d 1345 (D.C. Cir.1971).

Pursuant to the district court order, the BCMR corrected plaintiff's records to the extent of showing an honorable discharge. It did not grant any monetary relief to plaintiff.

Plaintiff then attempted to gain back pay from the Army Finance Office. The Army referred the claim to the Comptroller General. The General Accounting Office (GAO) denied plaintiff's claim, reasoning that plaintiff received all that he had requested from the district court. Since plaintiff had not petitioned the district court for reversal of his Court Martial, argued the GAO, there was no authority for payment. Plaintiff then proceeded to the district court in an attempt to reopen the prior case and obtain a judgment for back pay. The district court denied the motion on October 12, 1973.

Plaintiff subsequently shifted his efforts to the United States Court of Claims and brought the instant action claiming back pay, allowances and other benefits since 1944.

Plaintiff now enters a motion for summary judgment contending that despite any delay in bringing this action, he is entitled

---

1. The district court action never overturned plaintiff's Court Martial conviction. Rather, it was directed at his sentence. As stated by the Court of Appeals: "The order of the District Court is affirmed to the extent that it is based on the ground that appellee's court martial sentence was illegal because it was based on improper command influence." [*Homcy, supra,* at 1357].

to monetary relief. Plaintiff asserts four bases upon which his claims can be granted without regard to the thirty-year hiatus. (1) The Court of Appeals' opinion established new law, granting plaintiff the right to correction of records *including a mandatory right to compensation.* (2) The BCMR's failure to grant monetary relief provides an independent ground for Court of Claims review, reviving the statute of limitations period. (3) The denial of plaintiff's claims by the Army and the GAO also revives the statute of limitations. (4) The restoration of plaintiff's commission as of 1972 provides a further basis for revival of the time for plaintiff's money damage claims. In short, plaintiff contends that recent events have revived his money damage claims which might otherwise be time-barred.

Defendant counters plaintiff's summary judgment motion with its own cross-motion for summary judgment. According to defendant, plaintiff cannot recover because the claim is: (1) barred by the statute of limitations, (2) precluded by *res judicata,* (3) estopped, or (4) void for lack of legal damages.

We hold that plaintiff's claim is barred by the statute of limitations.[2]

■ Plaintiff's claim for relief in the Court of Claims initially accrued on the date he was improperly dismissed from the service, December 5, 1944. *Kirby v. United States,* 201 Ct.Cl. 527, 531 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); *O'Callahan v. United States,* 451 F.2d 1390, 1393, 196 Ct.Cl. 556, 562 (1971); *Mathis v. United States,* 391 F.2d 938–39, 183 Ct.Cl. 145, 147 (1968), *vacated on other*

*grounds,* 394 F.2d 519, 183 Ct.Cl. 150 (1968), *petition dismissed,* 421 F.2d 703, 190 Ct.Cl. 925 (1970). Plaintiff acknowledges this and concedes that any claims in this court based on the illegal discharge have long been barred by the six-year statute of limitations of 28 U.S.C. § 2501 (1970).[3] However, plaintiff argues that recent events have revived his money damage claims. Particularly, plaintiff contends that the refusal of the BCMR, the GAO and the district court to grant him the full relief to which he is entitled, affords him the opportunity to renew his action in the Court of Claims. As plaintiff's counsel conceded at oral argument, plaintiff's entire case rests on our willingness to apply the "half-a-legal-loaf" doctrine enunciated in *Denton v. United States,* 204 Ct.Cl. 188 (1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1949, 44 L.Ed.2d 449 (1965); *Ray v. United States,* 453 F.2d 754, 197 Ct.Cl. 1 (1972); and *DeBow v. United States,* 434 F.2d 1333, 193 Ct.Cl. 499 (1970), *cert. denied,* 404 U.S. 846, 92 S.Ct. 150, 30 L.Ed.2d 84 (1971).

Plaintiff is unable to bring his factual situation within the principles of these decisions.

Analysis of plaintiff's "half-a-loaf" argument must begin with consideration of the nature of the statute of limitations and the function of the "half-a-legal-loaf" doctrine as measured against the philosophy of the statute of limitations.

■ The statute of limitations is one of finality, designed to protect parties from stale claims and bar the possibility of court suits after a reasonable time has passed. *Guaranty Trust Co. v. United States,* 304 U.S. 126, 136, 58 S.Ct. 363, 82 L.Ed. 525

---

**2.** Since we resolve this case on the statute of limitations issue, we do not reach the questions of *res judicata,* estoppel or legal damages.

**3.** 28 U.S.C. § 2501 (1970) provides in part: "Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues. * * * *" [28 U.S.C. § 2501 (1970)].

Clearly, plaintiff could have brought his claim to the Court of Claims during the six-year period before December 1950 for a resolu-

tion of the legality of his Court Martial conviction. He failed to do so and instead pursued permissive remedies before the BCMR. Pursuit of mandatory administrative remedies will toll the statute of limitations. Use of permissive remedies will not. *Friedman v. United States,* 310 F.2d 381, 387–88, 159 Ct.Cl. 1, 11–12 (1962), *cert. denied, Sub nom Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). In short, plaintiff's pursuit of permissive remedies did not prevent the statute of limitations from running on his 1944 claim.

(1938). The philosophy of limiting the time for initiation of actions is based on a pragmatic desire to "spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded. * * * " *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945), *reh. denied,* 325 U.S. 896, 65 S.Ct. 1561, 89 L.Ed. 2006 (1945). In addition, a crucial purpose of limitation of actions is to put an opponent on notice in order that he may preserve his defenses. *Hodges v. United States,* 111 F.Supp. 268, 125 Ct.Cl. 405 (1953). It is against this background that we consider the "half-a-legal-loaf" doctrine.

 The "half-a-loaf" doctrine is an exception to the general rule that a plaintiff's claim for relief arises at the time of improper dismissal in military pay cases. The exception is of fairly longstanding vitality. *See, e. g., Hankins v. United States,* 183 Ct.Cl. 32, 34 (1968) and cases cited therein at 34, note 1. Basically it provides that where a Corrections Board in its discretion grants favorable relief to an applicant, it may not stop short of granting full relief to the applicant. *Denton, supra,* 204 Ct.Cl. at 195; *DeBow, supra,* 193 Ct.Cl. at 503, 434 F.2d at 1335. Failure of the Board to grant full relief results in what the court has termed "a new cause of action" or a " 'continuing' claim" which revives the limitation period. As stated by the court in *Denton:*

> * * * [A] claimant can often found a new cause of action, or a 'continuing' claim, upon a [first] favorable determination by the Correction Board * * * where that determination stops short of giving the full relief it was compelled in law to grant *on the presentation then made* * * * [*Denton, supra,* 204 Ct.Cl. at 195].

As determined in *DeBow,* the basis for allowing the action despite the statute of limitations problems is that once the administrative body concludes that relief is proper, it is not free to arbitrarily award less relief than requested. *DeBow, supra,* 193 Ct.Cl. at 503, 434 F.2d at 1335; *Sanders v.*

*United States,* Ct.Cl. No. 157–74 (Order, June 13, 1975).

██ The "half-a-loaf" cases reveal that plaintiff must meet two conditions before he may avail himself of the doctrine. First, plaintiff must show that he, in fact, requested full relief from the tribunal. Second, he must show that a discretionary administrative decision has been made to the effect that some relief is proper. Given the public policy favoring the statute of limitations, the "half-a-loaf" exception is not to be read broadly. Therefore, plaintiff must fully demonstrate that he has met *both* conditions to its application. In the case at bar, plaintiff is unable to meet the first condition. We find it unnecessary to decide whether court-ordered administrative action can fulfill the requirement for a discretionary administrative decision.

The district court and the BCMR granted plaintiff the full relief which he requested. Plaintiff has not been denied the "full loaf" because he never asked for it until after the district court granted the right to reversal of the honorable discharge. In fact, plaintiff's counsel at the district court hearing in the presence of plaintiff, specifically disavowed any attempt to seek money damages. Were we to allow plaintiff to revive his action based on the district court order, we would permit plaintiff to bootstrap his way over the bar of the statute which ran in December 1950.

In a similar situation we were confronted with a plaintiff who had obtained all the relief he had requested from the BCMR and then asked this court to apply the "half-a-legal-loaf" doctrine to grant additional relief. We declined on the basis that failure to request full relief from the BCMR precluded use of the exception to avoid the statute of limitations:

> In these circumstances, it would subvert the functioning of the normal limitations rule for us to allow the plaintiff to skirt the timebar by tying his claim to the favorable Board determination he received upon his representation that he was not asking that tribunal for the very relief he now prays from us. [*DeBow,*

*supra,* 193 Ct.Cl. at 503–04, 434 F.2d at 1335].

The only different factor in the instant case is that plaintiff's alleged partial relief resulted from a district court decree rather than from a BCMR decision to grant relief. This variation cannot change the result. The fact that the district court would have been without jurisdiction to award plaintiff the money damages he now seeks only serves to emphasize the nature of the boot-strap device plaintiff attempts to use, and the fact that plaintiff should have brought an action in this court before December 1950. We cannot hold that plaintiff received "half-a-loaf" from the district court, the BCMR and the GAO when he obtained all that he requested.

In summary, balanced against the policy underlying the statute of limitations, plaintiff may not use the benefit of the "half-a-legal-loaf" exception in the instant case. Plaintiff received the full requested relief and cannot now be heard to assert that he received only "half-a-loaf." Therefore, plaintiff's claim was effectively barred as of 1950 by the normal six-year statute of limitations.

Accordingly, for the reasons stated above, plaintiff's motion for summary judgment is denied, defendant's cross-motion for summary judgment is granted and the petition is dismissed.