Military pcuy; correction of military records; retroactivity of correction; limitation of actions; computation of years of service. — On June 25, 1976 the court entered the following order:
Before CoweN, Chief Judge, Skelxok and Kashiwa, Judges.
“This case comes before the court on the parties’ respective motions for summary judgment. The material facts are not in dispute.
“Plaintiff, Preston Monroe Bannister, Jr., is a former Lieutenant Commander in the United States Coast Guard. On February 3,1967, on the basis of the recommendations of a Physical Evaluation Board (PEB I), plaintiff was placed on- the Temporary Disability Betired List (TDBL) and given a 40-percent temporary disability rating.
“On December 22, 1971 and January 17, 1972, a second Physical Evaluation Board (PEB II) was convened to determined whether plaintiff was permanently disabled and, if so, to what extent. PEB II recommended that plaintiff' be assigned a 40-percent permanent disability rating. Plaintiff was then placed on the Permanent Disability Betired List and retired, effective February 3,1972.
“On March 22, 1972, plaintiff filed an application for the correction of his military record with the Coast Guard Board for Correction of Military Becords (BCMB). In his application, plaintiff requested (1) That the percent of disability assigned by the Commandant, USCG * * * be increased .to-more accurately match the degrees of my permanent disabilities, and that my retired pay bé increased accordingly retroactive to the date of my retirement’ ;■ and (2) that, “in the interest of justice,’ he be given credit for 20 years of military. *733 service. Plaintiff did not contend that the Coast Guard made any errors in placing him on'the TDEL or in latei’ permanently retiring him. The only error specified in his application for the correction of his record related to the disability rating assigned him. . *
“The BCME acted favorably on plaintiff’s request for a higher disability rating (assigning him a new rating of 70 ■percent). Plaintiff’s record was then corrected retroactive to February 3,1972 (the date of his permanent retirement) and ■his- retirement pay adjusted accordingly. Plaintiff received a lump sum adjustment in retirement pay of $13,480 (covering the period from February 3, 1972, to the date of the BCME decision). Since the latter date, plaintiff’s retirement •pay has been computed at the 70-percent rating assigned, by the BCME. Plaintiff’s request that his record be amended to show that he had completed 20 years of service was denied.
. “On March 4,1975, in a letter to Secretary of Transportation Coleman, plaintiff requested that the correction of his record be made retroactive to February 3,1967 (the date he was placed on the TDEL). This request was treated as a request for a further hearing and returned to the BCME for its consideration.
“On March 24,1975, the BCME issued a decision denying plaintiff’s request for the following reasons: (1) plaintiff’s original application did not request that the record correction be made retroactive to the date plaintiff was placed on 'the TDEL; (2) the BCME only considered the propriety of the rating assigned by PEB II, and (3) any attack on the -PEB I decision was untimely, since more than 3 years had •elapsed from the effective date of that decision.
“In his petition, filed September 25, 1975, plaintiff claims • that his record should have been corrected retroactive to February 3, 1967that he’is entitled to increased disability ■payments for the 5-year period he was on the TDEL, and that he should have been given credit for 20 years of military service.
“After considering the motions and the parties’ briefs in •support thereof, the court concludes that plaintiff’s claim ■for increased compensation for the period he was on the ‘TDEL is barred by. the statute of limitations, and that there *734 is no legal basis for crediting plaintiff with. 20 years of military service.
“Plaintiff was paid 50 percent of his base pay for the 5 years he was on the TDRL. Although plaintiff’s temporary disability rating was only 40 percent, TDRL pay cannot be less than 50 percent of one’s base pay. 10 U.S.C. § 1401. He now seeks an additional 20 percent of his base pay for those same years on the ground that the BCMR decision, assigning-him a 70-percent disability rating; should have been made, effective retroactively to February 3, 1987 (the date he was. placed on the TDRL).
“Plaintiff’s cause of action arising out of the decision off PEB I accrued no later than February 3, 1967 (when plaintiff was placed on the TDRL and began receiving disability compensation at the rate set by PEB I). That was a final decision and his petition was not filed until September 25,. 1975 (more than 8 years later). Thus, in the absence of a showing that plaintiff has a new cause of action based on. some later event, his claim is clearly barred by the 6-year statute of limitations-.
“In an attempt to surmount this problem, plaintiff contends that his claim is a ‘new and continuing one,’ accruing on March 24,1975 (the date of the BCMR decision denying-plaintiff’s request -that -the correction of his record be made-retroactive to February 3, 1967). The court has long recognized that a new cause of action or a ‘continuing’ claim can. arise if a Correction Board grants the correction of records, requested but stops short of giving the full relief it was compelled in law to grant on the presentation then made. Homcy v. United States, ante at 338, 536 F. 2d 360, 364, cert. denied Nov. 29, 1976; Denton v. United States, 204 Ct. Cl. 188, 195 (1974), cert. denied 421 U.S. 963 (1975); DeBow v. United States, 193 Ct. Cl. 499, 503, 434 F. 2d 1333, 1335 (1970), cert. denied, 404 U.S. 876 (1971).
“Plaintiff contends that the BCMR stopped short of giving him full relief when it refused to malee his record' correction retroactive to February 3, 1967. However, as the BCMR recognized in its decision of March 24, 1975, plaintiff did not request in his application that any relief granted; *735 be made retroactive to 1967. Plaintiff merely asked -that the: following correction be made:
that the percent of disability assigned by the Commandant, USCG letter of 23 February 1972 be increased to< more accurately match the degrees of my ‘permanent disabilities, and that my retired pay be increased accordingly retroactive to the date of my retirement. I was; reduced in retired pay 108.00 dollars permonth [sic]. with this recent PDRL [Permanent Disability Retired List] action which 1 am herein contesting. [Emphasis; added.]
Moreover, in specifying the error he thought existed in his; record, plaintiff stated that:
[T]he percentage of disability assigned to my permanent disabilities is contrary to the evidence contained in the-record of the Physical Evaluation Board held in my case-on 22 December 1971 and' 17 January-1972. [Emphasis, added.]
“There is absolutely no indication in his application that; plaintiff wanted the BCMK to consider the propriety of the rating assigned by the initial PEB in 1966. As the BCMK. observed in its decision of March 24,1975:
[Plaintiff’s] only request for retroactive, correction was-, his simple statement that his pay be increased “retroac--tive to the date of my retirement.” The reference to retirement, when read in the context of his application;, would naturally be read to mean permanent retirement,. rather than the date he was placed on the TDKL, any other reading being inconsistent with the totality of his. application.
Since the BCMK gave plaintiff the full relief to which he was entitled on the presentation then made, there- was no-illegal slicing of relief and no new cause of action or “continuing” claim accrued to plaintiff. Bee Homcy v. United States, supra, at 332.
“Nor can it be said that the BCMK was required to change-plaintiff’s temporary disability rating on its- own initiative,, once it changed his permanent disability, rating. Plaintiff’s-, temporary disability rating was based on facts presented to, PEB I in August 1966.- Plaintiff, himself, states in his petition that his physical condition rapidly deteriorated after- *736 August 1966. See Plaintiff's Petition, para. 21, 23. There is no basis in the record for assuming that the facts upon which PEB II-based it decision in January 1972 were identical to those facts considered by PEB I in 1966. Thus, if plaintiff wanted to. obtain increased compensation for the time he was on the TDEL, he was. required to specifically challenge the decision of PEB I. Since plaintiff failed to do so in a timely manner, his claim is barred by the statute of limitations.
“Plaintiff’s claim that he should be given credit for 20 years of military service is also without ■ merit. Creditable service for retirement purposes is determined under Section 1332 of Title 10 of the United States Code. Plaintiff .does not allege that his length of service was incorrectly computed under this section. Plaintiff merely contends that under 10 U.S.C. § 1405 and 14 U.S.C. § 423, 6 months or more of service is counted as a whole year of service. Plaintiff-was retired with 19 years, 10 months, and 2 days of service. Under plaintiff’s theory, the 10 months and 2 days of service would be rounded off to 1 year’s service, and he would then have 20 years of creditable service. The above sections, however, relate only to the manner in which fay is computed, once an individual has qualified for retirement under other sections of the Code. The Senate Peport accompanying the enactment of 10 U.S.C. § 1405 indicates that the section is intended to be used “in computing retired pay, but not eligibility for retirement.” 1958 U.S. Code Cong. & Admin. News, at 2489 [Emphasis added.]
“No statute or regulation required the Coast Guard to keep plaintiff on active duty beyond February 3,1967. Plaintiff does not deny that he was ■ medically unfit for duty: Plaintiff has produced no evidence that the Commandant of the Coast Guard acted illegally or abused his discretionary authority in placing plaintiff on the TDKL. Under these circumstances, plaintiff’s claim that he is entitled to. credit for 20‘years of service is denied. '• r
.. “it is therefore ordered that plaintiff’s motion for summary judgment is denied; defendant’s cross-motion for summary judgment is granted, and plaintiff’s petition is hereby dismissed.”
*737 Plaintiff’s motion for reconsideration was denied October 6,1976.