489 F.Supp. 85 (1980)
Miles BREWSTER, Jr., Plaintiff,
v.
The SECRETARY OF the UNITED STATES ARMY and The Army Board for Correction of Military Records, Defendants.
No. 79 C 1265.
United States District Court, E. D. New York.
April 16, 1980.
*86 Miles Brewster, Jr., plaintiff pro se.
Edward R. Korman, U. S. Atty., E. D. New York, for defendants by Richard H. Dolan, Asst. U. S. Atty., Brooklyn, N. Y.

MEMORANDUM AND ORDER
NEAHER, District Judge.
Plaintiff pro se, a former United States Army enlistee who plead guilty to a charge of disobedience before a general court-martial, brings this action seeking back pay, retroactive promotions, the expungement of his conviction from his records, and damages for his allegedly illegal imprisonment. He alleges that his plea was made pursuant to a pretrial agreement assuring him he would receive a suspended sentence and suspension of forfeitures in order to continue *87 support of his dependents. Denying the existence of such an agreement, as claimed, defendants have moved to dismiss the complaint as time-barred.
Plaintiff originally enlisted in the Army in October 1950 and served in Korea from April 1953 to November 1953. On March 4, 1955 he was separated from the Army and issued an honorable discharge, and the next day he reenlisted for a term of service of six years. On November 11, 1955, plaintiff was convicted by general court-martial following his plea of guilty to a charge of willful disobedience of a lawful order of a superior officer. At his trial, plaintiff was represented by counsel and a hearing was conducted to assure that plaintiff understood the meaning and effect of his plea. Plaintiff was sentenced to be dishonorably discharged, to forfeit all pay and allowances, and to be confined at hard labor for five years.
In his post-trial review the Staff Judge Advocate advised the Convening Authority that pursuant to a pretrial agreement he could approve only so much of the sentence as provided for dishonorable discharge, forfeiture of pay and allowances, and confinement at hard labor for two years and six months. The issue of suspension of any portion of the sentence was not raised by either plaintiff or his counsel at the post-trial review. On November 28, 1955, the Convening Authority approved the findings of the court-martial and the sentence as recommended by the Staff Judge Advocate. On appeal to the Board of Review plaintiff's counsel expressly acknowledged that the sentence as approved by the Convening Authority conformed to the actual pretrial agreement. Plaintiff was issued a dishonorable discharge on February 3, 1956. He elected not to petition the United States Court of Military Appeals for review of his conviction and sentence, although on several occasions he applied unsuccessfully for relief to the Army Board for the Correction of Military Records ("Army Correction Board").
Alleging that the pretrial agreement had been violated, plaintiff in 1978 petitioned the Army Correction Board for essentially the same relief he seeks in this action. The Board concluded that there had been no error in plaintiff's trial and conviction and that his guilty plea did not appear to have been entered pursuant to a pretrial agreement providing for a suspended sentence. The Board did, however, give consideration to plaintiff's Korean service and to his prior periods of service under honorable conditions and recommended that a general discharge, dated February 3, 1956, be issued in lieu of plaintiff's dishonorable discharge of that date. Plaintiff's application to the United States Court of Military Appeals for a writ of error coram nobis was denied on February 3, 1979. Plaintiff then filed this action on May 17, 1979.
It is settled that a claim arising from an allegedly illegal discharge from military service accrues at the time of discharge. Mathis v. U. S., 391 F.2d 938, 183 Ct.Cl. 145 (1968). See Friedman v. U. S., 310 F.2d 381, 159 Ct.Cl. 1 (1962), cert. denied sub nom. Lipp v. U. S., 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963); Feldman v. U. S., 181 F.Supp. 393, 149 Ct.Cl. 22 (1960). In this case that date was February 3, 1956, and since resort to the Army Correction Board was not mandatory, no deferral or tolling of the running of the statute of limitations occurred. Cason v. U. S., 461 F.2d 784, 198 Ct.Cl. 650 (1972); O'Callahan v. U. S., 451 F.2d 1390, 196 Ct.Cl. 556 (1971); Mathis v. U. S., supra. The 1978 action of the Army Correction Board changing the nature, but not the date, of plaintiff's 1956 discharge does not alter the time of accrual of the action. O'Callahan v. U. S., supra, 451 F.2d at 1393; Goldstein v. U. S., 130 F.Supp. 330, 332, 131 Ct.Cl. 228, cert. denied, 350 U.S. 888, 76 S.Ct. 143, 100 L.Ed. 782 (1955). However plaintiff's claim is characterized, therefore, the court is of opinion that the complaint, filed 23 years after accrual of the cause of action, is time-barred and must be dismissed.
Plaintiff's claim for back pay, as well as his claims for other relief insofar as they arise out of an alleged breach of the pretrial agreement, are also clearly timebarred.[1] *88 While such claims are cognizable under the Tucker Act, 28 U.S.C. § 1346(a)(2), they are subject to a six-year statute of limitations, 28 U.S.C. § 2401, and the institution of a suit within this period is a jurisdictional requisite. Boruski v. U. S., 493 F.2d 301 (2d Cir. 1974), cert. denied, 419 U.S. 808, 95 S.Ct. 20, 42 L.Ed.2d 34 (1974); McFarlane v. U. S., 140 F.Supp. 420, 134 Ct.Cl. 755 (1956).
To the extent that plaintiff claims jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1346(b), the Federal Tort Claims Act,[2] presumably to redress a tort "founded . . . upon the Constitution", seeking expungement of his conviction from his records to exonerate his "liberty" interest in his reputation, or possibly even an implied private damage remedy, see Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); Hernandez v. Lattimore, 612 F.2d 61 (2d Cir. 1979), he is no better off. Since there is no specifically stated or otherwise relevant federal statute limiting the time to bring an action implied directly from the Constitution, the approved approach is to determine the limitation period by reference to the most appropriate State Statute. See Johnson v. Railway Express Agency, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); Leigh v. McGuire, 613 F.2d 380 (2d Cir. 1979); Fine v. City of New York, 529 F.2d 70, 76 (2d Cir. 1975). Although it is not settled which New York statute should apply under these circumstances, the longest of the statutory periods that could apply to plaintiff's claims is that provided by N.Y. Civil Practice Law and Rules § 213(1), namely, "an action for which no limitation is specifically prescribed by law", which must be commenced within six years. Accordingly, plaintiff's claims founded upon the Constitution must also be dismissed as time-barred.
Although he does not make such a claim, plaintiff's court-martial conviction might be subject to collateral review on a petition for habeas corpus. See Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953); Calley v. Callaway, 519 F.2d 184 (5th Cir. 1975), cert. denied, 425 U.S. 911, 96 S.Ct. 1505, 47 L.Ed.2d 760 (1976). However, before the court may consider the question of exhaustion of remedies, see Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969), or issues relating to the scope of review of plaintiff's conviction, it must be established that plaintiff is "in custody" for purposes of eligibility for habeas relief. 28 U.S.C. § 2241(c). See Hensley v. Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571, 1575, 36 L.Ed.2d 294 (1973). Plaintiff has long since been released from physical confinement, and he does not appear to be subject to any continuing supervision by military or judicial officers or suffering from any collateral consequences flowing from his conviction. See U. S. v. Augenblick, 393 U.S. 348, 350, 89 S.Ct. 528, 530, 21 L.Ed.2d 537 (1969); Kauffman v. Secretary of Air Force, 269 F.Supp. 639, 645 (D.D.C. 1967), aff'd, 415 F.2d 991 (D.C.Cir. 1969), cert. denied, 396 U.S. 1013, 90 S.Ct. 572, 24 L.Ed.2d 505 (1970). Cf. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Nor could plaintiff claim that the possible damage to his reputation arising from his conviction is a sufficient disability to constitute "custody." Bell v. State of New York, No. 78-2934 (S.D.N.Y. May 1, 1979), aff'd without opinion, 612 F.2d 1285 (2d Cir. 1979), cert. denied, ___ U.S. ___, 100 S.Ct. 1598, 63 *89 L.Ed.2d 785 (1980); Ostrer v. Aronwald, 434 F.Supp. 396, 398 (S.D.N.Y.1977). Since the threshold requirement of custody is not satisfied here, habeas corpus relief is unavailable to plaintiff.
Finally, plaintiff also claims jurisdiction under 28 U.S.C. § 1361, the federal mandamus statute. As with all remedies governed by equitable principles, mandamus must be sought with reasonable promptness. U. S. v. Olds, 426 F.2d 562 (3d Cir. 1970). See In re Rappaport, 558 F.2d 87, 90 & n. 9 (2d Cir. 1977); Cunningham v. U. S., 549 F.2d 753 (Ct.Cl.1977). The resort to permissive remedies does not operate to toll the running of the applicable limitation period or excuse a lengthy delay. O'Callahan v. U. S., supra, 451 F.2d at 1393; Gersten v. U. S., 364 F.2d 850, 176 Ct.Cl. 633 (1966).
Plaintiff has failed to offer any explanation for his delay in commencing this action more than 23 years after its accrual. It was not until 1975 that plaintiff, in a letter requesting trial documents, first alleged the existence of a pretrial agreement other than that contained in the trial and appeal records. Moreover, it appears that plaintiff's service records were destroyed in a fire at the National Personnel Records Center in 1973, and that the loss of this evidence has prejudiced defendants' ability to defend against plaintiff's allegations. See Cason v. U. S., supra; Trafalgar Shipping Co. v. International Milling Co., 401 F.2d 568 (2d Cir. 1968). Under the circumstances, plaintiff's inexcusable delay requires that his action in the nature of mandamus be dismissed as barred by laches.
Accordingly, defendants' motion to dismiss the complaint is hereby granted.
So ordered.
The Clerk of the Court is directed to enter judgment dismissing the complaint. The Clerk is further directed to send copies of this memorandum and order to plaintiff pro se at P.O. Box 1203, Brooklyn, N.Y. 11202; and to counsel for defendants.
NOTES
[1] In his complaint plaintiff demanded money damages of $90,000. He has since sought to amend his ad damnum clause to demand $10,000, which would allow the action to be brought in the district court under the Tucker Act. His original complaint would have to be brought in the Court of Claims under 28 U.S.C. § 1491. Nevertheless, it would similarly be barred by the six-year statute of limitations provided by 28 U.S.C. § 2501. Eurell v. U. S., 566 F.2d 1146 (Ct.Cl.1977); Homcy v. U. S., 536 F.2d 360, 210 Ct.Cl. 332 (1976); Kirby v. U. S., 201 Ct.Cl. 527 (1973).
[2] However, it is questionable whether plaintiff's claims as a serviceman may be brought under that Act. See Stencel Aero Engineering Corp. v. U. S., 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977); Feres v. U. S., 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).