The plaintiff seeks damages of $250,000 for an allegedly unlawful medical discharge from the Army jn 1944. The defendant has moved for summary judgment on the ground that the plaintiffs claim is barred by the statute of limitations, laches, and sovereign immunity. We hold that the statute of limitations bars the suit.
The plaintiff was inducted into the Army in the fall of 1943 under the Selective Service Act. Prior to completing basic training, he was twice hospitalized for psychiatric problems. The Army determined that ho suffered from psychoneurosis, conversion hysteria, severe, and that he had that condition prior to induction. The plaintiff was honorably discharged in March 1944. Since that time he has made numerous unsuccessful attempts to obtain disability benefits from the Veterans Administration.
The plaintiff filed the present suit in June 1980, 36 years after his discharge. The theory of his case, as explained in his memorandum in reply to the defendant’s motion for summary judgment, is that
the Selective Service Act embraced a contract between the government and the draftee for the draftee’s service in return for pay, benefits, and honorable conduct on the part of the Defendant, the United States. The Plaintiff *673 charges in this case that the Defendant committed a breach of contract by a wrongful medical discharge which has caused him incalculable difficulties.
Plaintiff seeks to avoid the statute of limitations on the ground that "he did not become aware of the nature and extent of the breach of contract on the part of the government until his full medical record was made available to him” by the Veterans Administration in 1978 pursuant to the Privacy Act of 1974.
The 6-year statute of limitations in 28 U.S.C. § 2501 (1976) bars the plaintiffs suit. Any claim for a breach of contract resulting from the allegedly "wrongful medical discharge” of plaintiff accrued when that discharge occurred in 1944. See Brownfield v. United States, 218 Ct. Cl. 477, 483, 589 F.2d 1035, 1038 (1978); Homcy v. United States, 210 Ct. Cl. 332, 336-37, 536 F.2d 360, 363 (1976), cert. denied, 429 U.S. 984 (1976). The assertion that plaintiff may not have known all the details relating to that discharge until he received additional data from the Veterans Administration in 1978, does not toll the statute of limitations until the latter date. See Duckett v. United States, ante at 599.
The defendant’s motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs motion for rehearing denied March 20, 1981; plaintiffs motion for relief from order denied May 29,1981.