This military pay case comes before the court on the parties’ cross-motions for summary judgment. By this action, plaintiff seeks a correction of his military records to show retirement for length of service on July 31, 1960 and an award of back retirement pay and benefits from that date. The government contends that plaintiffs suit is *696 barred by the statute of limitations of 28 U.S.C. § 2501. We agree with defendant.
Plaintiff served in the United States Air Force for more than nineteen years. After being assigned to Walker Air Force Base in Roswell, New Mexico, plaintiff was court-martialed four times on relatively minor offenses. The fourth court martial on May 2, 1958, resulted in a suspended bad conduct discharge, which was later issued to plaintiff. He was released from service on February 11, 1959, under less than honorable conditions.
In 1978, plaintiff petitioned the Air Force Board for the Correction of Military Records (AFBCMR), challenging his 1959 discharge and seeking reinstatement and change of his discharge to Honorable. The AFBCMR declined to reinstate plaintiff in active duty, but, "out of clemency and compassion only,” upgraded his discharge and credited him with sufficient constructive service to qualify him for retirement benefits from the effective date of the AFBCMR decision. Plaintiff then filed a petition for review in this court on November 12, 1980, seeking back retirement benefits to July 31, 1960, when he would have become eligible to retire for length of service.
Plaintiffs claim is 15 years too late. In order to be timely, suit must be filed in this court within six years of the date on which the claim first accrues. 28 U.S.C. § 2501 (1976). It is well settled that any potential cause of action for illegal discharge accrues all at once on the date of discharge and that the statute of limitations is not tolled by resort to permissive administrative procedures such as petition to a corrections board. Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974); Mathis v. United States, 183 Ct. Cl. 145, 391 F.2d 938 (1968), aff’d on rehearing, 190 Ct. Cl. 925, 421 F.2d 703 (1970).
In the instant case, plaintiffs claim arose on the date of his allegedly illegal discharge on February 11, 1959. He had the right and the obligation to bring any claim relating to the discharge before the six-year statute ran out on February 11, 1965, but failed to do so. Whatever exceptions to strict application of the statute of limitations exist, none obtains here. The half-a-loaf doctrine, on which plaintiff relies, likewise does not apply in the circumstances of this *697 case. See, Homcy v. United States, 210 Ct. Cl. 332, 536 F.2d 360, cert. denied, 429 U.S. 984 (1976); Rumph v. United States, 228 Ct.Cl. 855 (1981). Consequently, we hold that any claim plaintiff may have had because of his 1959 discharge has been effectively time-barred since 1965.
Accordingly, after consideration of the submissions of the parties, with oral argument of counsel, plaintiffs motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.