"This eminent domain case comes before the court, without oral argument, on the defendant’s motion to dismiss. The plaintiff brings suit both in the capacity of administrator[1] of his late father’s (decedent’s) estate and in *962 his own behalf as a beneficiary of the estate under the decedent’s will. He alleges that the decedent was a Yurok Indian, who owned several pieces of real property, which were taken under the Redwood National Park Act, Pub. L. 90-545, 82 Stat. 931 (1968) (codified in 16 U.S.C. §§ 79a-79j (1970)). The Act provided that title to the land would vest in the United States as of October 2, 1968. 16 U.S.C. § 79c(b)(1) (1970). In 1976 the plaintiff made inquiries to the United States Department of the Interior concerning compensation for the taking of the property. After a series of communications, the Department informed the plaintiff that compensation for the taking of the property had been paid to the Simpson Timber Company. The plaintiff filed his petition here on March 21,1977, claiming that payment should have been made to him or to decedent.
"The defendant bases its motion to dismiss on the ground that suit was not brought within six years of the time the cause of action accrued, as required by 28 U.S.C. § 2501 (1970). The plaintiffs basic contention is that the cause of action should be deemed to accrue as of the time the compensation was wrongful^ paid to the Simpson Timber Company, since it was at this time that the plaintiff was damaged. We cannot accept this, analysis. The payment to the timber company was not the injury to the plaintiff; rather, it was the taking of the land under the Redwood National Park Act without the payment of compensation to him or to the decedent. It is true that under the Act the Secretary of the Interior could make adjustments to the boundary of the park (16 U.S.C. § 79b(a) (1970)), and that a cause of action does not accrue until the nature and extent of what is taken is clear; there is no need to resort to piecemeal litigation. Dickinson v. United States, 331 U.S. 745, 749 (1947); Terteling v. United States, 167 Ct. Cl. 331, 338-39, 334 F.2d 250, 254-55 (1964). Here, however, the plaintiff does not allege that there were any uncertainties about the inclusion of the property in the geographical area to be taken permanently, or that there was any justifiable reason for the decedent’s believing at the time of the taking that the Secretary of the Interior would make *963 boundary adjustments excluding his property from the park. In such circumstances, when the Act declared that all right, title, and interest of all property in the specified area vested in the United States as of a given time, the hypothetical possibility of an adjustment of the park’s boundaries could not postpone the accrual of the cause of action. Cf. Baer v. United States, 164 Ct. Cl. 447, 451, cert. denied, 379 U.S. 878 (1964) (the mere possibility of a future international settlement did not alter the fact of deprivation or postpone the accrual of the - cause of action). Accordingly, the claim accrued in favor of the decedent at the time stated in the Act, since there was no substantial uncertainty as to the taking of the property. See Miller v. United States, 209 Ct. Cl. 135, 140, 531 F.2d 510, 512-13 (1976).
"The plaintiff also alleges that, at the time of the taking, the record of ownership of the property was 'complicated and confusing’, the plaintiff was unaware of any interest in the land, and in such circumstances he could reasonably expect to have the government make contact with him before there were any negotiations on compensation. We fail to see how the government should be expected to contact the plaintiff in regard to compensation, when he, the son of the alleged former owner of the land, was unaware of the property question because of 'complicated and confusing’ property records.[2] In any event, nothing in these facts militates against the conclusion that the statute of limitations began to run as of October 2, 1968. Mere ignorance of a cause of action does not stay the running of the statute; only if a plaintiff shows that he was kept ignorant of his cause of action by the acts of the defendant or that the plaintiffs injury is 'inherently unknowable’ is the running of the statute suspended. Spevack v. United States, 182 Ct. Cl. 884, 889-90, 390 F.2d 977, 981 (1968); Japanese War Notes Claimants Ass’n v. United States, 178 Ct. Cl. 630, 634, 373 F.2d 356, 358-59, cert. denied, 389 U.S. 971 (1967). There is nothing 'inherently unknowable’ about an allotment made to the decedent himself, when the decedent received a deed for it, or about a property interest *964 which he received from his mother.[3] Likewise, the creation of the National Redwood Park by Congressional enactment scarcely qualified as a covert act by the defendant.
"There is no other ground for holding that the claim failed to accrue as of the time of the taking specified in the Act.[4] The fact that decedent happened to be an Indian does not alter the effect of the statute of limitations on this claim for just compensation for a taking of individual property. See Capoeman v. United States, 194 Ct. Cl. 664, 440 F.2d 1002 (1971). Similarly, the decedent’s death did not suspend the running of the statute, nor does the fact that the plaintiff is bringing suit as administrator of the estate stay the operation of limitations. Whitney’s Adm’x v. United States, 18 Ct. Cl. 19, 24 (1883); O’Connell v. United States, 37 F.Supp. 832, 833 (E.D. 111. 1941).
"It is therefore ordered and concluded that the defendant’s motion to dismiss is granted and that the plaintiffs petition is dismissed.”

 In his petition plaintiff stated that he had petitioned to be appointed *962 administrator of the decedent’s estate and would be so appointed in the normal course of events within a few weeks.

 The defendant states that it paid the compensation to the timber company on the basis of a certifícate of title furnished by a recognized title company.

 The decedent apparently lived most of his life in an area within the present boundaries of the park.

 The plaintiff does not state when the decedent died. What we have said is equally applicable if the decedent died before the time of the taking. Title vests upon the devisees of a will at the time of death by operation of law in California. Cal. Prob. Code § 300 (West 1956). Thus, their causes of action would accrue at the time of the taking.