**Arvester LEE**

v.

**The UNITED STATES.**

No. 381–84C.

United States Claims Court.

March 26, 1985.

Albert D. Massi, Las Vegas, Nev., for plaintiff.

J. Weili Cheng, Washington, D.C., with whom were Acting Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant; Major Marshall M. Kaplan and Major Joyce Peters, Office of the Judge Advocate General, Dept. of the Army, Washington, D.C., of counsel.

ORDER

ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

WHITE, Senior Judge.

In this military pay case, the defendant has filed a motion entitled "Defendant's Motion to Dismiss for Lack of Jurisdiction or in the Alternative, for Summary Judgment," the plaintiff has responded to the motion, and the defendant has replied to the response. As both the defendant and

the plaintiff have submitted documents of an evidentiary nature for the consideration of the court, the pending motion will be treated as one for summary judgment.

There does not seem to be any controversy between the parties regarding the relevant facts of the case, which will be summarized for a proper understanding of the legal issue to be decided in passing upon the defendant's motion.

### The Facts

In 1954, the plaintiff, Arvester Lee, married his pregnant girlfriend in Vicksburg, Mississippi, at the insistence of her grandmother. Shortly after Mrs. Lee gave birth to a baby some 7 months later, she took the baby and moved to Chicago, Illinois, in order to be with her family. Some time later, the plaintiff traveled to Chicago and tried to get in touch with his wife. However, relatives of the young woman in Chicago told the plaintiff that he and the young woman were not properly married; and the plaintiff left Chicago and did not have any further contact with his former girlfriend.

The plaintiff moved from Vicksburg to Memphis, Tennessee, and became employed by the Pepsi-Cola Company. Later, the plaintiff left the employ of that company and enlisted in the United States Army on September 28, 1955. As the plaintiff had never received any documentation legally certifying his previous marriage, he informed the Army authorities at the time of his enlistment that he was not married.

After completing his basic training at Camp Chaffee, Arkansas, the plaintiff was sent to Fort Smith, Arkansas, for Advanced Infantry Training. Just before the plaintiff was to be assigned to military duty overseas, the Army authorities confronted him with his previous marriage, and accused him of fraudulent enlistment in failing to reveal his marital status. Without having the benefit of a proceeding before a Board of Officers, and without having been accorded the right to waive an appearance before such a board, the plain-tiff was given an Undesirable Discharge from the Army on March 1, 1956.

Some 20 years later, in 1976, the plaintiff filed an application with the Army Discharge Review Board, stating "I feel that my UD was unjust because of racial discrimination at the time I was in Service" and "[m]y post-Service conduct has been satisfactory," and asking that his discharge status be changed to Honorable. The Army Discharge Review Board acted favorably on the plaintiff's application, noting the lack of proper review procedures at the time of the plaintiff's discharge from the Army and the possible presence of racial discrimination in the plaintiff's case. The Army thereupon changed the plaintiff's discharge to Honorable; and in a letter to the plaintiff dated November 4, 1977, he was informed in part as follows:

> You may apply to the Chief, Centralized Pay Operations, * * * U.S. Army Finance and Accounting Center, Indianapolis, IN, 46249 for any monetary benefits to which you may be entitled by virtue of the change in your discharge.

Subsequently, the plaintiff applied for any monetary benefits that he might be entitled to receive as a result of the change in his discharge. The Department of the Army informed the plaintiff in a letter dated July 25, 1978, that, despite the change in his discharge from Undesirable to Honorable, he was not entitled to any monetary benefits because he was originally discharged due to fraudulent enlistment.

Thereafter, the plaintiff filed a second application with the Army Discharge Review Board, and this time he asked that the charge of fraud be removed from his military record. The Army Discharge Review Board again acted favorably on the plaintiff's application; and, in a communication dated April 9, 1982, the plaintiff was informed by the Department of the Army that the reason for his discharge had been changed from "AR 635–206: Fraudulent Entry" to "Para 5–3b, AR 635–200: Determination of Service Secretary." The communication of April 9, 1982, also informed the plaintiff that he might apply "for any

monetary benefits to which you may be entitled by virtue of the change in your reason and authority."

On April 16, 1982, the plaintiff applied to the Department of the Army for monetary benefits claimed to be due as a result of his upgraded discharge. In a response dated August 4, 1982, the Department of the Army stated in part as follows:

Records for the period in question have been destroyed in accordance with Government Rules and Regulations and there is no way to substantiate previous payment made.

It has long been established that where the records necessary to either justify or refute a claim have been destroyed pursuant to law or become unavailable due to the lapse of time, the burden of proof as to the existence of a valid claim is on the claimant.

Unless the claimant has some documents to substantiate his claim, no further action can be taken by this office.

In a letter dated September 1, 1982, and addressed to plaintiff's counsel, the Department of the Army stated in part that "[s]ince burden of proof as to existence and non-payment of valid claim against the Government is on person asserting claim, it must be presumed payment was properly made and received."

The plaintiff filed his complaint in this court on July 27, 1984. The complaint alleges in part that, as a result of the action of the Army in upgrading his discharge to Honorable, the plaintiff "became entitled to statutory and regulatory benefits commensurate with his status as an honorable discharged member of the United States Army," and that "Defendant has refused, and continues to refuse, to tender said sums unto Plaintiff, despite repeated demands therefore [sic]." The complaint does not specify what benefits the plaintiff was entitled to receive but were denied him.

### Discussion

The defendant's motion is based upon the contention that the plaintiff's claim is barred by the statute of limitations, or, in the alternative, that it is barred by the doctrine of laches.

The period of limitations for actions in this court is prescribed by 28 U.S.C. § 2501 (1982), which provides as follows:

Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

■ The requirement that a claim must be filed within 6 years after it first accrues is jurisdictional. *Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); *Blaine v. United States,* 5 Cl.Ct. 502, 505 (1984); *Parker v. United States,* 2 Cl.Ct. 399, 402 (1983). As this court's predecessor, the U.S. Court of Claims, stated in the *Kirby* case (201 Ct.Cl. at 539), the statute of limitations "must be strictly construed to avoid prosecution of stale claims which defendant can be prejudiced in contesting because excessive lapse of time dulls memories, accounts for missing witnesses, and occasions periodic, routine destruction of Government records."

In the present case, it has been noted in the summary of the facts that the plaintiff was given an Undesirable Discharge by the Army on March 1, 1956, and that he did not institute the present action until July 27, 1984, or more than 28 years after he received the Undesirable Discharge.

The plaintiff, however, contends in his response to the defendant's motion that his claim for monetary benefits did not accrue until 1982, because "it was not until he was denied his retroactive pay compensation that he was actually aggrieved to the point that a legal claim had 'accrued' and his rights became determined." In support of his position, the plaintiff relies on two cases: *Japanese War Notes Claimants Association of the Philippines Inc. v. United States,* 178 Ct.Cl. 630, 632, 373 F.2d 356, 358, *cert. denied,* 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967); and *Nager Electric Co. v. United States,* 177 Ct.Cl.

234, 240, 368 F.2d 847, 851 (1966). It was held in those cases that a claim does not accrue until all the events necessary to fix the liability (if any) of the United States have occurred.

■ The plaintiff's argument that his claim did not accrue until 1982, because it was not until then that the Department of the Army finally rejected his request for monetary benefits allegedly due him, cannot be sustained. It is well established in military pay cases that a claim based on wrongful separation accrues at the time of the separation from the military service (*e.g.*, *Kirby v. United States, supra*, 201 Ct.Cl. at 531; *Mathis v. United States*, 183 Ct.Cl. 145, 147, 391 F.2d 938, 939 (1968), *aff'd on rehearing*, 190 Ct.Cl. 925, 421 F.2d 703 (1970); *Schmidt v. United States*, 3 Cl.Ct. 190, 193 (1983); *Monningh v. United States*, 1 Cl.Ct. 427, 428 (1983)). The *Japanese War Notes Claimants* case, cited by the plaintiff, did not pertain to military pay claims and thus has no relevance to this case.

In the present case, therefore, all the events necessary to give the plaintiff a right to seek relief had occurred as of the time of his discharge from the Army on March 1, 1956, and the 6-year limitations period began to run at that time.

Furthermore, the administrative remedies which the plaintiff sought from the Department of the Army beginning in 1976 were all permissive in nature; and, therefore, the plaintiff's efforts to obtain administrative relief did not toll the statute of limitations. *Kirby v. United States, supra*, 201 Ct.Cl. at 531; *Mathis v. United States, supra*, 183 Ct.Cl. at 147–48, 391 F.2d at 939; *Kirk v. United States*, 164 Ct.Cl. 738, 742–43 (1964); *Parker v. United States, supra*, 2 Cl.Ct. at 402. Thus, the plaintiff's reliance on *Nager Electric Co.* is

misplaced, because that case involved mandatory administrative proceedings.

The pertinent statute of limitations applicable to the plaintiff's case required that he institute an action for judicial relief within 6 years after March 1, 1956, or not later than February 28, 1962. Therefore, the plaintiff's claim was time-barred when he filed his complaint in this court on July 27, 1984.

■ Although no argument has been made for the application to this case of the so-called "half-a-loaf" doctrine, the court has nevertheless considered the possible application of that doctrine.

The term "half-a-loaf" is sometimes used to describe a doctrine under which "a claimant can often found a new cause of action, or a 'continuing' claim, upon a favorable determination by the Correction Board (or comparable military tribunal) where that determination stops short of giving the full relief it was compelled in law to grant on the presentation then made." *DeBow v. United States*, 193 Ct.Cl. 499, 503, 434 F.2d 1333, 1335 (1970), *cert. denied*, 404 U.S. 846, 92 S.Ct. 150, 30 L.Ed.2d 84 (1971). *See also Homcy v. United States*, 210 Ct.Cl. 332, 337–38, 536 F.2d 360, 363–64, *cert. denied*, 429 U.S. 984, 97 S.Ct. 502, 50 L.Ed.2d 595 (1976); *Denton v. United States*, 204 Ct.Cl. 188, 195 (1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1949, 44 L.Ed.2d 449 (1975).

In the present case, the Department of the Army, at the plaintiff's request, upgraded the plaintiff's discharge from Undesirable to Honorable and struck from the plaintiff's military record the statement that his discharge from the Army had been based upon a fraudulent enlistment, but the Department declined to grant the plaintiff any monetary relief when he requested it.[1] It has been pointed out earlier in the

---

1. It should be noted that the Department of the Army did not determine that the plaintiff's claim for monetary relief lacked merit, but, instead, said that the plaintiff should establish his entitlement to monetary relief, inasmuch as the Army's financial records for the pertinent period had been destroyed and the Army was

without knowledge as to whether the plaintiff had or had not received the financial benefits to which he would have been entitled if his original discharge had been Honorable rather than Undesirable. However, the court is not passing upon the merits of the plaintiff's claim at this stage of the proceedings, but only upon the

opinion, however, that the administrative proceedings which the plaintiff invoked were permissive, and not mandatory, in nature. The cases in which the "half-a-loaf" doctrine has been applied have been cases involving mandatory, and not permissive, administrative proceedings. This is doubtless a reflection of the view that, because of the strong public policy favoring the statute of limitations, the "half-a-loaf" doctrine is to be construed narrowly; and, therefore, courts should only apply it under "compelling circumstances." *Bonen v. United States*, 229 Ct.Cl. 144, 149–50, 666 F.2d 536, 539–40 (1981).

The circumstances of the present case cannot be regarded as compelling, inasmuch as the plaintiff waited for more than 28 years after his discharge before he instituted the present action. It necessarily follows that the "half-a-loaf" doctrine cannot appropriately be applied in this case.

The complaint must be dismissed on the ground that the plaintiff's claim is barred by the expiration of the pertinent period of limitations before the complaint was filed.

This makes it unnecessary to discuss the question of laches, raised by the defendant.

### Conclusion

For the reasons previously stated, and upon the basis of the papers submitted by the parties, the court concludes that there is no genuine issue as to any material fact in this case, that the plaintiff is not entitled to recover, and that the defendant is entitled to a judgment as a matter of law.

The defendant's motion for summary judgment is therefore granted.

The clerk will dismiss the complaint.

IT IS SO ORDERED.

question of whether the plaintiff filed the present action within 6 years after his claim