Willard Jerome POLK, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 05–403 C.

United States Court of Federal Claims.

Oct. 11, 2006.

William Jerome Polk, Camden, Arizona, pro se.

Andrew P. Averbach, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleeker Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

SMITH, Senior Judge.

Plaintiff comes before this Court challenging his 1987 Navy discharge as improper due to a document erroneously contained in his record. He further requests that "the 1987 Statu[t]e of limitations be lifted in this claim in part because of the Navy's usage of the *'Half of Loaf Doctrine.'* " Compl. ¶ 1. Defendant has filed a Motion to Dismiss or in the alternative, a Motion for Judgment on the Administrative Record. Because the Court finds that Plaintiff's action is barred by the statute of limitations, Defendant's Motion to Dismiss is GRANTED and it is not necessary for the Court to address the Motion for Summary Judgment.

In 2004, Plaintiff initiated an administrative review to the Board for Correction of Naval Records ("BCNR") for correction to his service record, restoration of veteran status, and back pay from 1987 to present. The BCNR treated the request as an administrative correction and forwarded it to the Navy Personnel Command ("NPC") for action. In a letter dated January 10, 2005 from the NPC, the requested document was removed from Plaintiff's record. Plaintiff now asserts that the January 10, 2005 letter "should re-open the statu[t]e [of limitations]." Compl. ¶ 1. Further, Plaintiff asserts that "prejudicial error" occurred. *Id.*

■ "Every claim of which the United Stated Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C.A. § 2501 (2004). The statute of limitations is jurisdictional; therefore, the Court cannot entertain a claim filed outside the six year limitation. *Cristina*

*Investment Corp. v. United States,* 40 Fed. Cl. 571, 576 (1998). In military pay cases, a claim accrues when a service member is discharged. *See Martinez v. United States,* 333 F.3d 1295, 1310 (Fed.Cir.2003) *(en banc) cert. denied,* 540 U.S. 1177, 124 S.Ct. 1404, 158 L.Ed.2d 76 (2004). Here, Plaintiff was discharged from the Navy on May 5, 1987. AR 1. Therefore, in order to timely petition this Court, Plaintiff's complaint must have been filed on or before May 5, 1993. Plaintiff did not so timely file. Instead, in 2004, Plaintiff filed his first request for an administrative review of his discharge and, thereafter, in 2005 filed this Complaint. Clearly, this case is statutorily barred as it was commenced well after the six year limitation. Furthermore, "it is well settled that the statute of limitations for Tucker Act claims is not tolled by the claimant's exercise of his rights to seek permissive administrative review of his claim." *Martinez,* 333 F.3d at 1312. Consequently, the six year time limit had expired when Plaintiff initiated his request and a new period did not begin when Plaintiff filed an administrative review petition in 2004.[1]

■ Moreover, the Court finds that Plaintiff's assertion that the "half-a-loaf" doctrine defeats the statute of limitations bar to this case is incorrect. The "half-a-loaf" doctrine allows a "new cause of action, or a 'continuing' claim, upon favorable determination by the Correction Board (or comparable military tribunal) where that determination stops short of giving the full relief it was compelled in law to grant on the presentment then made." *Lee v. United States,* 7 Cl.Ct. 654, 657 (1985) (citing *DeBow v. United States,* 193 Ct.Cl. 499, 503, 434 F.2d 1333, 1335 (1970)). Furthermore, "once a discretionary decision is made to correct a record,

---

1. Plaintiff relies on *Dougherty v. United States Navy Board for Correction of Naval Records,* 784 F.2d 499 (3d Cir.1986) to support his arguments that he is not barred by the statute of limitations. Plaintiff relies on *Dougherty* for the proposition that the time began to run at the time that the Board of Correction of Naval Records issued its final decision, not the time of discharge. *Id.* at 501. However, it is clear that the Third Circuit emphasized in *Dougherty* that the plaintiff was not seeking money damages. Thus, it was proper for the court to begin the clock at the time of the final decision rather than discharge. *Id.* at

502. *Martinez* expressly distinguished *Dougherty,* holding that in military pay cases it is the denial of money, which takes place at the time of discharge, that is the basis for Tucker Act jurisdiction. *Martinez,* 333 F.3d at 1313–14. Clearly, Plaintiff in this case is requesting money damages, as he must, in order for this Court to have jurisdiction under the Tucker Act. Therefore, Plaintiff was required to file this suit within six years from the date of discharge, which he did not do. Therefore, Plaintiff's claim remains time-barred.

the grant of appropriate monetary relief is not discretionary but automatic." *Denton v. United States,* 204 Ct.Cl. 188, 195, 1974 WL 21682 (1974). But "because of the strong public policy favoring the statute of limitations, the 'half-a-loaf' doctrine is to be construed narrowly; and therefore, courts should only apply it under 'compelling circumstances.'" *Lee,* 7 Cl.Ct. at 658 (citing *Bonen v. United States,* 229 Ct.Cl. 144, 149–50, 666 F.2d 536 (1981)). Here, the agency removed the requested document from Plaintiff's record. However, the removal in no way changed the outcome of Plaintiff's status. Still contained in Plaintiff's record were documents related to his underperforming academics, programs required for him to undertake in order to improve, and, ultimately, the final discharge due to poor academics. At that time Plaintiff was given the opportunity to challenge his discharge from the Navy, and it is clearly indicated to this Court that Plaintiff waived that right by initialing and signing the waiver to challenge such. In addition, it is clear that as far back as his discharge, Plaintiff was aware of the misplaced document in his record. AR 1. Thus, in looking at the facts of this case, the Court finds that Plaintiff's claim does not come anywhere near presenting "compelling circumstances" and, therefore, the "half-a-loaf" doctrine has no application.

## CONCLUSION

Because the Court finds that the claim falls outside the six year statute of limitations, this case must be dismissed. The Court hereby GRANTS Defendant's Motion to Dismiss and directs the Clerk to DISMISS WITHOUT PREJUDICE Plaintiff's complaint. Because the Court does not have subject matter jurisdiction over Plaintiff's complaint, the Court need not address Defendant's Motion for Summary Judgment.

It is so **ORDERED.**

