Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-5030

WILLARD JEROME POLK,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Willard Jerome Polk, of Camden, Arizona, pro se.

Andrew P. Averbach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Acting Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge Loren A. Smith

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-5030

WILLARD JEROME POLK,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: April 5, 2007

_____

Before MICHEL, <u>Chief Judge</u>, ARCHER, <u>Senior Judge</u> and DYK, <u>Circuit Judge</u>.

PER CURIAM.

Willard Jerome Polk ("Polk") challenges the decision of the United States Court of Federal Claims in No. 05-403 C, dismissing his wrongful termination claim because the statute of limitations has run.  We <u>affirm</u>.

BACKGROUND

Polk enlisted in the United States Navy on March 3, 1987, and was discharged on May 5, 1987, for failing academic requirements.  Polk first challenged his dismissal seventeen years later, on April 23, 2004, when he filed an application with the Board for Correction of Naval Records ("Board").  The Board found that a document pertaining to a different person, David Ray Polk, had erroneously been included in Polk's record, and removed the document from Polk's record, but concluded that other documents in the record supported the Navy's action.

Polk then filed a complaint in the Court of Federal Claims on March 25, 2005, challenging the validity of his 1987 discharge, and seeking damages in the amount of $20,000,000.00. The court held that Polk's action was barred by the 6-year statute of limitations. 28 U.S.C. § 2501. The court reasoned that, under our decision in <u>Martinez v. United States</u>, 333 F.3d 1295, 1310 (Fed. Cir. 2003) (<u>en banc</u>), Polk's claim accrued in 1987 when he was discharged from service. The Court of Federal Claims also held inapplicable the "half a loaf" doctrine, which holds that when the Board grants only partial relief, judicial intervention is warranted to grant the full relief to which the plaintiff is entitled, even if the statute of limitations has lapsed. <u>Id.</u> at 1325 (Plager, J., dissenting); <u>see also</u> <u>DeBow v. United States</u>, 434 F.2d 1333, 1335 (Ct. Cl. 1970). The Court of Federal Claims held that the doctrine did not apply because Polk's record still documented his poor academic performance, and thus removal of the document pertaining to David Ray Polk was the sole relief to which Polk was entitled. The court further held that the half a loaf doctrine only applies when "compelling circumstances" exist, and that was not the case here. <u>See</u> <u>Bonen v. United States</u>, 666 F.2d 536, 540 (Ct. Cl. 1981).

Polk timely appealed the decision of the Court of Federal Claims to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). We review without deference a dismissal of a complaint by the Court of Federal Claims for lack of jurisdiction. <u>Doe v. United States</u>, 463 F.3d 1314, 1320 (Fed. Cir. 2006).

DISCUSSION

We hold that the Court of Federal Claims properly dismissed Polk's complaint for lack of jurisdiction. We have held that a service member's wrongful discharge claim for

monetary relief in the Court of Federal Claims accrues when he is discharged. Martinez, 333 F.3d at 1311. Thus Polk's cause of action accrued in 1987, and was clearly time-barred when he filed suit in 2005. Polk relies on the Third Circuit's decision in Dougherty v. United States Navy Bd. of Correction of Naval Records, 784 F.2d 499 (3d Cir. 1986), for the proposition that his cause of action accrued when the Board corrected his record in 2004, but we have held that "the statute of limitations for Tucker Act claims is not tolled by the claimant's exercise of his right to seek permissive administrative review," and we have explicitly distinguished Dougherty on the ground that it did not involve a claim for monetary relief. Martinez, 333 F.3d at 1312-13.

Finally, even if the half a loaf doctrine survived Martinez, the Court of Federal Claims correctly determined that the half a loaf doctrine could not save Polk's complaint.

No costs.

07-5030