**C. Anne BONEN**

v.

**The UNITED STATES.**

No. 305–80C.

United States Court of Claims.

Dec. 2, 1981.

John A. Everhard, Washington, D. C., atty. of record, for plaintiff.

Nancy R. Sills, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant.

Before DAVIS, NICHOLS, and KUNZIG, Judges.

## ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

KUNZIG, Judge:

This military pay case comes before the court on the parties' cross-motions for summary judgment. By this action, plaintiff seeks a correction of her military records to show continuous active duty during the nine-year separation period following her discharge in 1965 and an award of back pay on the basis of the change in her records pursuant to Title 37 of the United States Code. The government contends that plaintiff's claim arose in 1965 on the date of her discharge and that consequently her

suit is time-barred.[1] Plaintiff counters that the 1978 decision of the Air Force Board for the Correction of Military Records (AFBCMR) granting her "constructive service" gave rise to a new cause of action under the "half-a-loaf" doctrine established in this court. Arguing that the AFBCMR decision recognized the injustice done to plaintiff without affording her an appropriate legal remedy, plaintiff requests that this court overturn the Board decision as arbitrary, capricious and an abuse of discretion. We find plaintiff's argument unpersuasive and hold for the government.

### I.

Plaintiff was appointed a Second Lieutenant in the United States Air Force Reserve (Nursing Corps) on April 30, 1962, and began extended active duty in that grade on June 23 of that year. On September 8, 1965, plaintiff was honorably discharged from the Air Force pursuant to Air Force regulation 36–12, which implemented contemporary agency policy of automatic separation of women officers from military service due to pregnancy.

In 1971, the Department of Defense reversed its position on discharge due to pregnancy and plaintiff subsequently regained her commission, reentering the Air Force on extended active duty as First Lieutenant on July 26, 1974. In 1976, plaintiff applied to AFBCMR for correction of her military records because of certain evaluation and promotion problems which she alleged were caused by her 1965 discharge. Plaintiff requested from the Board that:

1. Her service and grade data be adjusted to reflect continuous service from June 1962 (entry date of prior active duty) to the present time.

2. She be promoted to the corresponding temporary and permanent, Reserve of the Air Force, grades as though selected on time with her original 1962 year group.

---

1. In addition to its defense that plaintiff's claim is barred under the six-year statute of limitations of 28 U.S.C. § 2501, defendant argues that plaintiff's suit should be barred by the doctrine of laches, because of plaintiff's nine-year delay in applying to the Correction Board for relief. As we find that plaintiff's suit is barred by the statute of limitations, we do not address defendant's second defense.

3. An Officer Effectiveness Report (OER) rendered on her for the period 1 December 1974 through 31 August 1975 with the evaluation of potential of "3–3–3" be declared void.

4. Her application for Career Reserve Status (CRS) be approved.

Plaintiff never specifically requested monetary relief or back pay for the period between her discharge and subsequent reinstatement. In fact, she explicitly attempted on several occasions to waive any rights she might have had in that regard, but was informed by the SAFCB Examiner that she would not be allowed to do so.

On November 14, 1977, the AFBCMR recommended that plaintiff's records be corrected to show, *inter alia*,[2] that plaintiff had not been discharged in 1965, but had continued on extended active duty. The Board recognized that plaintiff's petition was not timely filed, applications for review by the AFBCMR requiring filing within three years of the date on which the cause of action arose. 10 U.S.C. § 1552(b) (1976). However, the Board excused the failure to file as it is permitted under its authorizing statute to do "in the interest of justice." Furthermore, the Board found that, despite the fact that plaintiff's discharge had not violated Air Force policies or procedures then in effect, the discharge had worked an injustice on her, pointing out that plaintiff had at all times indicated an "earnest desire to pursue a career in the military." It therefore approved plaintiff's application for the correction of her military records.

On July 5, 1978, Assistant Secretary of the Air Force Antonia Chayes remanded plaintiff's petition to the Board, recommending that the Board explore the feasibility of awarding plaintiff constructive military service instead of active duty credit. Secretary Chayes made this recommendation because of her reluctance, "absent more clearcut judicial guidance on retroactive pay and allowances based on unconstitutional separations because of pregnancy" to give plaintiff a monetary claim through an award of active duty credit. Accordingly, the AFBCMR on August 9, 1978, voted to amend its earlier recommendation so that plaintiff be awarded "constructive service in the Air Force Reserve in lieu of active military service from September 8, 1965 to July 26, 1974." This revised recommendation was implemented on September 9, 1978.

As a result of the Board's final decision, plaintiff was credited with (1) constructive duty at Headquarters Air Reserve Personnel Center for the separation period; (2) sufficient points to give her satisfactory service for retirement/retention purposes; and (3) promotion to temporary grade of major with a date of rank eight months prior to the effective date of promotion. Plaintiff received no back pay for the separation period since her records showed reassignment to the Reserves rather than active duty. As a result of the records correction, however, her current active duty pay was increased, prospectively increasing her future retirement pay.[3]

2. The Board also recommended that plaintiff's records be corrected to show: 1) her promotion to captain, United States Air Force Reserve, with date of rank of April 30, 1967, and to major, USAFR, with date of rank of April 30, 1976; 2) an Officer Effectiveness Report for the period December 1, 1974, through August 31, 1975, be removed from her records; 3) she was considered and selected for Career Reserve Status, Air Force Reserves; and 4) she was promoted to temporary grade of major effective June 14, 1977, with date of rank as though she had been selected by the selection board which convened on October 18, 1976. These recommendations are not in issue here.

3. Plaintiff, however, in her March 16, 1979 letter to Assistant Secretary Chayes, argues that

the award of constructive duty in the reserves has a negative impact on her retirement prospects. She points out that normally a permanent promotion to the rank of major assures an officer a twenty-year career in the military. This is because the selection for major usually is made in the officer's fourteenth year, and the next promotion comes four years later, in his eighteenth year. Even if he is not selected, he is within the "sanctuary zone" which allows him to go on serving until his twentieth year. A non-selection for promotion prior to the officer's eighteenth year requires him to be automatically separated from service. Plaintiff argues that her permanent promotion to major, without the fourteen years active duty credit to

Plaintiff filed her petition in this court on June 13, 1980, alleging that the actions of Secretary Chayes and the AFBCMR denying her pay, allowances and active service credit for the separation period were arbitrary and capricious. Plaintiff requests that this court order a correction of her military records to show continuous active duty service from her 1962 enlistment to the present, and payment of military back pay and allowances resulting from the correction.

The government claims that plaintiff's suit for back pay accrued on the date of her allegedly illegal discharge in 1965 and is thus barred by the applicable six-year statute of limitations set out in 28 U.S.C. § 2501 (1976). Defendant contends, therefore, that regardless of the merits of plaintiff's claim, this court is without jurisdiction to entertain the action.

Plaintiff attempts to counter defendant's jurisdictional argument by claiming that the AFBCMR's decision gave rise to a new cause of action accruing on August 14, 1978, under the "half-a-loaf" doctrine. Thus, plaintiff contends that her suit is not barred by the six-year statute of limitations. Because we find the "half-a-loaf" doctrine inapplicable to the present case, we hold for the government.

## II.

■ It is well settled that a claim such as plaintiff's for an illegal military discharge accrues all at once upon the date of plaintiff's removal. *Eurell v. United States*, 215 Ct.Cl. 273, 566 F.2d 1146 (1977); *Kirby v. United States*, 201 Ct.Cl. 527 (1973), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); *Mathis v. United States*, 183 Ct.Cl. 145, 391 F.2d 938 (1968), *aff'd on rehearing*, 190 Ct.Cl. 925, 421 F.2d 703 (1970). In order to be timely, suit must be filed within six years of the date on which the claim first accrues. 28 U.S.C. § 2501 (1976). This court has long held that resort to permissive administra-

tive procedures such as petition to a corrections board does not toll the statute of limitations. *See, e.g., Bruno v. United States*, 214 Ct.Cl. 383, 386, 556 F.2d 1104, 1106 (1977); *Brundage v. United States*, 205 Ct.Cl. 502, 507, 504 F.2d 1382, 1385 (1974), *cert. denied*, 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975); *Mathis, supra; Kirk v. United States*, 164 Ct.Cl. 738 (1964). Thus plaintiff's mere application to the AFBCMR, even had it been timely, could not have affected the statutory time bar.

Despite the fifteen-year hiatus between plaintiff's discharge and the filing of her claim in this court, plaintiff urges us to consider her claim a "classic case" for application of the "half-a-loaf" doctrine enunciated in *Denton v. United States*, 204 Ct.Cl. 188 (1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1949, 44 L.Ed.2d 449 (1975); *Ray v. United States*, 197 Ct.Cl. 1, 453 F.2d 754 (1972); and *DeBow v. United States*, 193 Ct.Cl. 499, 434 F.2d 1333 (1970), *cert. denied*, 404 U.S. 846, 92 S.Ct. 150, 30 L.Ed.2d 84 (1971). Defendant responds that the "half-a-loaf" doctrine is inapplicable where a plaintiff fails to request monetary relief specifically, and thus should not be applied in the instant case, where plaintiff actually attempted to waive such relief. *Homcy v. United States*, 210 Ct.Cl. 332, 536 F.2d 360, *cert. denied*, 429 U.S. 984, 97 S.Ct. 502, 50 L.Ed.2d 595 (1976); *DeBow v. United States, supra.*

■ As we pointed out in *Homcy, supra*, at 337–38, 536 F.2d at 354, the "half-a-loaf" doctrine normally applies where a corrections board grants plaintiff's claim, but stops short of awarding the full appropriate relief requested by plaintiff. Failure of the board to grant full relief where it is mandated by the records change results in "a new cause of action" or "'continuing' claim" which revives the statute of limitations. *See Denton, supra*, at 195; *Barnes v. United States*, 163 Ct.Cl. 321, 328 (1963). Because of the public policy favoring the statute of limitations, the "half-a-loaf" ex-

---

place her within the "sanctuary zone" when she is due for promotion to lieutenant colonel,

leaves her vulnerable to such separation.

ception is construed narrowly. In order to claim relief under the "half-a-loaf" doctrine, therefore, plaintiff must demonstrate that she requested full relief from the Board and that the Board failed to grant it. *Homcy, supra,* at 338, 536 F.2d 360. *See also Rumph v. United States,* Ct.Cl. No. 511–80C (order of Aug. 14, 1981).

 In the instant case, plaintiff requested that "her service and grade data be adjusted to reflect continuous service from June 1962 (entry date of prior active duty) to the present time." She made no specific request for back pay, nor even for active duty credit, which if granted would have entitled her to back pay. In fact, she specifically attempted to waive her rights to monetary relief. The AFBCMR's grant of constructive duty credit balanced the important concerns of justice and fiscal responsibility, allowing plaintiff her full measure of relief while not changing her record so as to mandate monetary damages. In effect, the Board took plaintiff at her word when she disclaimed her desire for back pay. We cannot now hold that plaintiff received "half-a-loaf" from the AFBCMR when it granted her all the relief she requested.

Plaintiff had the right to file a claim in this court immediately upon her discharge for pregnancy in 1965, but she slept on her rights. In view of the change in Air Force policy, the AFBCMR exercised its statutory power to correct a perceived injustice against plaintiff despite the running of the statute on her claim. This court does not have the same freedom to disregard the statutory time bar; we must construe very narrowly any exception to the statute and apply it only under compelling circumstances. No such compelling circumstances exist here. We cannot therefore allow plaintiff to use the Board decision to bootstrap her way over the statute of limitations for her monetary claim in this court by using the "half-a-loaf" doctrine. Although sometimes unfavorable to a plaintiff, "[t]he statute of limitations is one of finality, designed to protect parties from stale claims and bar the possibility of court suits after a

reasonable time has passed." *Homcy, supra,* at 337, 536 F.2d at 354. We hold that plaintiff's cause has been effectively barred since 1971 by the normal six-year statute of limitations.

Accordingly, after consideration of the submissions of the parties, with oral argument of counsel, plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted. Plaintiff's petition is dismissed.