This case is before us for decision on defendant’s motion to dismiss the petition. Plaintiff was an army nurse. In 1959, the army required her to resign because of her pregnancy, pursuant to its policy then in effect. Defendant construes her petition as alleging that she applied to the Board for Correction of Military Records, though called by her the United States Army Claims Service, which denied her claim March 6, 1981. Defendant relies on our jurisdictional 6-year statute of limitations, 28 U.S.C. §2501. It cites Bonen v. United States, 229 Ct.Cl. 144, 666 F.2d 536 (1981), cert. denied, 456 U.S. 991 (1982); Copenhaver v. United States, 225 Ct.Cl. 619 (1980). See also O’Callahan v. United States, 196 Ct.Cl. 556, 451 F.2d 1390 (1971).
Plaintiff makes the argument that her cause of action did not accrue until it could have been sued on and that courts in 1959 would have held her discharge proper and constitutional. Supposing, what we do not decide, that this is so, that the courts changed the Constitution and made un *716 constitutional what previously was constitutional, if the actions respecting plaintiff were constitutional when taken, on what basis can they now be challenged? We do not apply a new constitutional amendment before its effective date. If plaintiff relies on later decisions to establish that her 1959 separation was unconstitutional, how can she argue that these decisions, or the law they amended, were not in effect in 1959? If plaintiff had sued promptly in 1959, she might have been the one to change the Constitution, if it was changed. Our statute of limitations does not toll while she leaves the task to others.
Accordingly, without oral argument, defendant’s motion to dismiss is granted and the petition is dismissed.