This case is before the court, without oral argument, on defendant’s motion for summary judgment. Plaintiff has not replied thereto and the time for doing so has expired.
Plaintiff received a bad conduct discharge from the United States Navy on November 1, 1946. In 1974 he applied to the Board for Correction of Naval Records (bcnr) to have his discharge upgraded and to be reinstated in the reserves. On February 21, 1975, bcnr recommended to the Secretary of the Navy that plaintiffs record be corrected to show he had received a general discharge under honorable conditions. Plaintiff was notified by letter dated April 23, 1975, from the Chief of Naval Personnel that his discharge had been upgraded. That letter contained a revised discharge certificate reflecting the upgraded discharge.
Plaintiff filed his present claim in this court on August 11,1981, seeking compensation for the difficulties he claims have plagued him since he received his bad conduct discharge from the United States Navy on November 1, 1946. Plaintiffs claim is vague, and appears to sound in tort, outside the jurisdiction of this court as set forth in 28 U.S.C. §1491 (1976).[1] To the extent this claim is deemed to *883 be one for back pay, and hence within the subject matter jurisdiction of the court, the applicable statute of limitations in this action is 28 U.S.C. §2501, which provides in pertinent part:
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after the claim first accrues.
In Rumph v. United States, 228 Ct. Cl. 855 (1981), which involved similar facts but a shorter time period between the discharge and the bcnr action, we wrote:
The six years [of 28 U.S.C. §2501] begin to run when the cause of action accrues, and for a military discharge the claim accrues, all at once, as of the date the plaintiff was discharged, and not at the end of an enlistment or after optional administrative procedures have ended.
Plaintiffs claim thus began to run as of the date of his discharge, November 1, 1946. That the six-year period has long since expired is clear.
Plaintiffs application in 1974 to the bcnr for reinstatement (apparently to the reserves) "with honorable mention” was apparently construed by the bcnr as a request for a clemency upgrading of his discharge. The bcnr’s granting of such relief did not revive any claim for back pay within the court’s jurisdiction. Resort to an administrative proceeding will operate to toll the statute only if the law mandates an administrative determination as a precondition to initiating legal action. Friedman v. United States, 159 Ct. Cl. 1, 11-12, 310 F.2d 381, 388 (1962), cert. denied sub nom. Lipp v. United States, 373 U. S. 932 (1963). Here, however, resort to the bcnr was plainly permissive and did not in itself toll the statute of limitations. See, e.g., Bonen v. United States, 229 Ct. Cl. 144, 148, 666 F.2d 536, 539 (1981), cert. denied, May 24, 1982; Rumph, supra, at 858; Welch v. United States, 225 Ct. Cl. 713 (1980, passim).
Nor can plaintiff claim the bcnr decision granting him an honorable discharge but no other relief gave rise to a new cause of action. In limited circumstances, of course, a new cause of action will arise if the relief sought in this court should have followed as a matter of law from the *884 partial relief granted by the bcnr. See Bonen, supra, 229 Ct. Cl. at 149, 666 F.2d at 539, 540; Rumph, supra. We have termed this the "half-a-loaf’ doctrine. The doctrine is inapplicable here, however, for the bcnr was not required by law to grant plaintiff compensation when it changed the nature but not the effective date of the discharge. Rumph, supra. Moreover, for the doctrine to apply, a plaintiff must request the specific relief from the bcnr that he eventually seeks in this court. Id. Plaintiff here requested the bcnr only to change his discharge and reinstate him to a reserve unit but seeks in this court monetary compensation. See note 1, supra, and accompanying text. For either reason, the half-a-loaf doctrine does not apply and plaintiffs claim, filed August 11,1981, is now time barred.
it is therefore ordered that defendant’s motion for summary judgment be and is hereby granted. The petition is dismissed.

 Plaintiffs petition states that the Navy is responsible for his "30 years of bad time,” "humility and a lot of job losses.” Those phrases suggest either intentional or negligent conduct on the part of the Navy which has resulted in some form of emotional distress to the plaintiff. Such a claim would be in tort, outside the jurisdiction of this court, 28 U.S.C. §1491. E.g., Jackson v. United States, 216 Ct. Cl. 25, 45-46, 573 F. 2d 1189, 1199 (1978). Ordinarily tort claims are transferred to the *883 district court under 28 U.S.C. §1506. However, since this claim is time barred, a transfer would not be necessary "in the interest of justice” as required by 28 U.S.C. §1506.