**Calvin GEYEN, Jr., Plaintiff-Appellant,**

v.

**John O. MARSH, Jr., Secretary of the United States Army, Defendant-Appellee.**

No. 84–4607.

United States Court of Appeals, Fifth Circuit.

Feb. 20, 1986.

Lonnie R. Smith, Bobbie J. Ross, Lake Charles, La., for plaintiff-appellant.

Barton F. Stichman, Vietnam Veterans of America Legal Services, Washington, D.C., for Vietnam Veterans of America—amicus curiae.

Freddie Lipstein, Mary T. Koehmstedt, William Kanter, Washington, D.C., Joseph S. Cage, U.S. Atty., D.H. Perkins, Jr., Shreveport, La., Wayne H. Price, Litigation Atty., Dept. of Army, Dept. of Judge Advocate Gen., HQDA, (DAJA–LTM), Marshall M. Kaplan, Washington, D.C., for defendant-appellee.

■

Before CLARK, Chief Judge, THORNBERRY and JONES, Circuit Judges.

## ON PETITION FOR REHEARING WITH SUGGESTION FOR REHEARING EN BANC

(Opinion November 5, 1985, 5th Cir.1985, 775 F.2d 1303)

PER CURIAM:

■ In its petition for rehearing the Army contends that our holding opens to judicial review decisions by the Board for Correction of Military Records (BCMR) concerning events long past. In response to this concern, we emphasize the narrow scope of that review. Board decisions can be reversed only if they are "arbitrary, capricious or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983); *see Hodges v. Callaway*, 499 F.2d 417, 423 (5th Cir.1974). A federal court may not review a BCMR decision *de novo;* as the Supreme Court has pointed out, "[J]udges are not given the task of running the Army." *Orloff v. Willoughby*, 345 U.S. 83, 93, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953). Moreover, as we indicated in our initial opinion, judicial review of the BCMR's decision is limited to the record before the Board at the time of its decision. *Geyen v. Marsh*, 775 F.2d 1303, 1309 (5th Cir.1985).

The Army also asserts that our decision conflicts with *Friedman v. United States*, 159 Ct.Cl. 1, 310 F.2d 381 (1962), *cert. denied*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963), which controls in the Federal Circuit.[1] *Friedman* and its progeny hold that BCMR decisions do not give rise to a new cause of action. *See Friedman*, 310 F.2d at 396–97; *Bonen v. United States*, 229 Ct.Cl. 144, 666 F.2d 536, 539–40 (1981), *cert. denied*, 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1982). Although we acknowledge the differences between our decision and *Friedman*, we believe that the Army overstates their significance.

■ First, we note that even before our decision in this case there were important distinctions between this circuit's rules governing review of armed forces discharges and those of the Federal Circuit. We require servicemen to exhaust their administrative remedies before seeking judicial review, while the Federal Circuit does not. *Compare Hodges*, 499 F.2d at 420 (requiring exhaustion), *with Bonen*, 666 F.2d at 539 (noting that post-discharge administrative remedies are "permissive"). Moreover, in a part of our opinion to which the Army does not object, we held that in an action challenging a discharge the statute of limitations is tolled while the serviceman pursues his administrative remedies. *See Geyen*, 775 F.2d at 1308. The Federal Circuit, by contrast, does not permit tolling. *See Bonen*, 666 F.2d at 539. Thus, our decision merely continues the independent development of law in this circuit.

■ Second, we do not believe that the differences between our decision and

1. The Federal Circuit has exclusive jurisdiction over appeals from the district courts in cases where the district court's jurisdiction is based "in whole or in part" on the "Little Tucker Act," 28 U.S.C.A. § 1346(a)(2) (West.Supp.1985). *See id.* § 1295(a)(2). Thus, if suit is filed in a district court within the Fifth Circuit seeking both an upgraded discharge and back pay, appeal will lie to the Federal Circuit. In such cases the rules announced in *Friedman* control the statute of limitations issues. If suit is filed in a district court within the Fifth Circuit seeking an upgraded discharge without back pay, appeal will lie to this Court. In such cases the rules announced in our decision and in previous decisions of this circuit control the statute of limitations issues.

*Friedman* create significant practical problems. If a serviceman's principal claim is for back pay, he will be interested in pursuing his remedies vigorously within the six year period after his discharge. The large number of claims court cases seeking review of BCMR actions attests to this fact. On the other hand, older claims, such as the present one, are more likely motivated by pride and the prospect of gain from veterans programs; in such cases back pay will not often be requested. Geyen does not seek back pay in this case. Consequently, the procedural incongruity of which the Army complains is more apparent than real.

The petition for rehearing is DENIED. No member of this panel nor judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Fed.R.App.P. 35, the suggestion for rehearing en banc is DENIED.