861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Stanley H. PETTERSEN, et al., Appellants,
v.
Verne ORR, Secretary of the Air Force, Appellee.
 No. 87-5331.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 4, 1988.
 
 Before SPOTTSWOOD W. ROBINSON, III, STARR and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from an order of the United States District Court for the District of Columbia and on briefs filed by the parties and argument by counsel. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the accompanying memorandum. It is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the district court is affirmed. It is
 
 
 3
 FURTHER ORDERED, by the Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15 (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 The issue before us is whether the District Court properly granted appellee's motion to dismiss on the ground that appellants' claim was barred by principles of res judicata. We conclude, as did the trial court, that the cause of action presented here involves the same underlying claim that appellants litigated and lost in a previous action before the Claims Court. Consequently, we find that the present action is barred.
 
 
 5
 * The familiar doctrine of res judicata provides that when a final judgment has been entered on the merits of a cause of action, the parties to the suit and those in privity with them are bound as to every claim that was or could have been raised to sustain or defeat that cause of action. Nevada v. United States, 463 U.S. 110, 129-30 (1983); Cromwell v. County of Sac, 49 U.S. 351, 352 (1877). The parties before us are the same as those in the earlier Claims Court action; accordingly, the sole issue is whether the cause of action asserted here is the same as that asserted before the Claims Court.
 
 
 6
 No universally accepted, single definition of "cause of action" exists for purposes of res judicata analysis. In this case, the District Court applied the well-known standard of " 'whether the primary right ... or wrong [ ] are the same in each action.' " App. at 8 (quoting 46 Am.Jur.2d Judgments Sec. 406 (1969)); accord, Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 321 (1927). Appellants offer a similar test: that "separate causes of action are involved if 'each asserts different rights, alleges different injuries, and arises from different facts.' " Appellants' Brief at 13 (quoting I.A.M. Nat. Pension Fund v. Industrial Gear Mfg., 723 F.2d 944, 949 (D.C.Cir.1983)). The Restatement of Judgments has shifted to a "transactional" definition, embracing within a single cause of action all rights of the plaintiff arising out of a common set of operative facts. See Restatement (Second) of Judgments Sec. 24 (1981).
 
 2
 
 7
 There is no need to draw fine distinctions between these various standards in order properly to sustain the District Court's application of res judicata in this case. Appellants' challenges before the Claims Court and the Air Force Board for Correction of Military Records ("AFBCMR") were essentially the same: both alleged that appellants had been wrongly separated from active military duty on the ground that the Selection Boards which passed them over were improperly constituted. In both, appellants sought reinstatement to the rank of Captain, reconsideration of their applications for promotion, back pay and allowances, and amendment of their military records. For its part, the Claims Court ruled against appellants on the ground of laches. Andrews et al. v. United States, Cl.Ct. No. 499-82C (June 6, 1984); Andrews et al. v. United States, 6 Cl.Ct. 204 (1984), aff'd, Burden v. United States, 770 F.2d 179 (Fed.Cir.1985). That decision constituted a final judgment that "put[ ] an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." Nevada v. United States, 463 U.S. at 130.
 
 
 8
 Appellants then went on to challenge, as arbitrary and capricious, the subsequent decision of the AFBCMR, which reached the merits of their claim but ruled against them. Although appellants characterize the present action as one involving only the AFBCMR's failure to follow the prevailing legal authority, Stewart v. United States, 611 F.2d 1356 (Ct.Cl.1979), the case nonetheless remains an attempt to obtain relief for the alleged violation of their rights at the hands of the Selection Board. The only difference between this case and the action brought before the Claims Court is the source for that relief. However, that difference does not go to the nature of the cause of action presented--the core of the claim preclusion analysis--and is therefore insufficient to remove the res judicata bar. See Lawlor v. National Screen Service Corp., 349 U.S. 322, 326 (1955); C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure, Sec. 4407 (1981). In short, the pursuit of administrative relief before the AFBCMR does not somehow work a resurrection of appellants' original cause of action adjudicated in the Claims Court proceeding. See Hurick v. Lehman, 782 F.2d 984, 987 (Fed.Cir.1986).*
 
 
 9
 No matter how displeased appellants may be with the AFBCMR's treatment of Stewart, they cannot escape the undisputed fact that they had a full and fair opportunity to litigate their claim before the Claims Court. They did so and eventually lost the case in the forum of their choosing. Principles of res judicata bar their efforts to pursue the matter further.
 
 
 10
 An appropriate order will issue accordingly.
 
 
 
 *
 The cases on which appellants rely are unhelpfully inapposite, since they fail to address the issue in the context of a res judicata claim. See Blassingame v. Secretary of the Navy, 811 F.2d 65 (2d Cir.1987) (statute of limitations applicable to underlying discharge not applicable to action against agency for failing to upgrade that discharge); Geyen v. Marsh, 775 F.2d 1303 (1985), reh'g denied, 782 F.2d 1351 (5th Cir.1986) (same); Dougherty v. U.S. Naval Board for Correction of Naval Records, 784 F.2d 499 (3d Cir.1986) (same). In none of these cases did the plaintiff litigate and lose on his claim in court before challenging the administrative disposition of his case