26 F.3d 140
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Al HAMBURG, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5082.
 United States Court of Appeals, Federal Circuit.
 May 12, 1994.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The United States moves for summary affirmance of the February 28, 1994 judgment of the Court of Federal Claims dismissing Al Hamburg's claim as time barred. Hamburg opposes.
 
 
 2
 On February 15, 1994, Hamburg filed a claim for 27 million dollars in the Court of Federal Claims and demanded (1) that his 1954 discharge from military service be upgraded to honorable, (2) that his 1967 discharge from military service be upgraded to general or honorable, (3) back pay for the upgraded discharges, and (4) the correction of certain military records. Hamburg also asserted that there was discrimination involved in his 1967 discharge, that certain articles he wrote about the Vietnam War were unlawfully seized by the government, and that he was denied his right to publish the articles. The Court of Federal Claims, sua sponte, dismissed Hamburg's claim as time barred because he filed it 27 years after his last discharge from service, in excess of the six-year statute of limitations.
 
 
 3
 Hamburg argues that his military service records should be corrected to reflect his receipt of the Korean Medal of Honor from the Belgian government because he did not receive the medal until October 1993. Hamburg asserts that he is therefore entitled to an honorable discharge from service in 1954 and back pay for the upgraded discharge. Hamburg maintains further that, while the issue of upgrading his military discharges may be time barred, the issue of the violation of his First Amendment right to publish his articles is not time barred because it was not a part of the proceedings before the Military Records Correction Board.
 
 
 4
 Pursuant to 28 U.S.C. Sec. 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." A claim for unlawful discharge from the military accrues on the date of the discharge. Bonen v. United States, 666 F.2d 536, 539 (1981), cert. denied, 456 U.S. 991 (1982). A petition to the Military Records Correction Board, while permissible, does not toll the six year statute of limitations. See, e.g., Hurick v. Lehman, 782 F.2d 984, 987 (Fed.Cir.1986); Wilson v. United States, 231 Ct.Cl. 958, 959 (1982).
 
 
 5
 Hamburg was last discharged on July 11, 1967, but he did not file his claim for unlawful discharges in the Court of Federal Claims until February 15, 1994, 27 years later. Therefore, his claims for upgrading his discharges, back pay, correction of military records, and discrimination surrounding his 1967 discharge are time barred by the six year statute of limitations. Regarding Hamburg's claim that his First Amendment rights were violated when the government allegedly seized his Vietnam War articles and prevented him from publishing them, Hamburg has not demonstrated that the trial court had jurisdiction over those claims.
 
 
 6
 As we stated in Roynell Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994), "summary disposition is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." We agree with the Court of Federal Claims that Hamburg's claims are time barred. Thus, there exists no substantial question regarding the outcome of Hamburg's appeal. Hamburg's case was appropriately dismissed by the Court of Federal Claims and we summarily affirm.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The United States' motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.