98 F.3d 1358
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael S. ROSS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5095.
 United States Court of Appeals, Federal Circuit.
 Sept. 30, 1996.
 
 Before NEWMAN, RADER, and BRYSON, Circuit Judges.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The United States moves for summary affirmance of the Court of Federal Claims' January 23, 1996 judgment dismissing Michael S. Ross's complaint for failure to state a claim upon which relief may be granted. The United States states that Ross opposes. However, Ross has not filed a response.
 
 
 2
 On June 2, 1995, Ross filed a complaint in the Court of Federal Claims seeking, inter alia, a declaratory judgment for the correction of his military records, back pay, injunctive relief, and "costs of suit" in the amount of $1,000,000. Essentially, Ross challenged the Navy's failure to promote him and his subsequent discharge from service in 1966. The Court of Federal Claims granted the United States' motion to dismiss Ross's action on the ground that the complaint was not filed within six years after the claim had first accrued. 28 U.S.C. § 2501. Ross appealed to this court.
 
 
 3
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. A claim for unlawful discharge from the military accrues on the date of the discharge. Bonen v. United States, 666 F.2d 536 (Ct.Cl.1981). Although Ross was discharged from military service in 1966, he did not file his complaint until 1995, twenty-nine years later. The other incidents of which Ross complains, including the Navy's failure to promote him, necessarily occurred before 1966. Thus, we agree with the Court of Federal Claims that Ross's claims are time-barred by the six-year statute of limitations. See 28 U.S.C. § 2501.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The United States' motion for summary affirmance is granted.
 
 
 6
 (2) Each side shall bear its own costs.