**Rev. Dolphus L. COLLINS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 99–486 C.

United States Court of Federal Claims.

July 21, 2000.

service, military disability benefits and veteran's disability benefits.

This opinion addresses defendant's motion filed on September 9, 1999 to dismiss the case for lack of jurisdiction or, in the alternative, for summary judgment based on the Administrative Record. We conclude that to the extent plaintiff seeks veterans disability benefits, the case must be dismissed for lack of jurisdiction and that to the extent he seeks other relief, the case must be dismissed for failure to state a claim upon which relief may be granted.

## I

Plaintiff began Army service on June 10, 1974 and was discharged on July 12, 1974. During this short tenure, plaintiff experienced back pain related to a pre-existing back condition and was discharged as physically unfit after serving only thirty-three days. Admin. Rec. at 1. Prior to discharge, plaintiff's medical condition was the subject of a medical evaluation board which recommended the discharge on the ground that plaintiff had been physically unfit for service at the time of his enlistment. Admin. Rec. at 138.

At the time of his discharge, plaintiff signed a Disposition Form stating: "I request discharge from the military service by reason of erroneous induction/enlistment," and "I did not meet induction/enlistment standards . . . at the time of my induction/enlistment." Admin. Rec. at 132.

## II

Plaintiff has on several occasions sought back pay for periods following his dismissal from service and disability benefits on the theory that the back condition which constituted the basis for his discharge was caused by his military service or was significantly aggravated by such service.

The first such occasion was apparently in 1975 when he filed a claim with the Veterans Administration for a disability rating in connection with allegedly service-connected back trouble. Admin. Rec. at 207. That agency determined that "there is no basis for service connection." *Id.*

Rev. Dolphus L. Collins, Jackson, MS, pro se.

Bryant S. Banes, with whom were Acting Assistant Attorney General David W. Ogden, David M. Cohen and Bryant G. Snee, Washington, DC, for defendant. Lt. Col. Terry Elling and Maj. James R. Agar II, Department of the Army, of counsel.

## OPINION and ORDER

TURNER, Judge.

Plaintiff, who served in the Army for a brief period in 1974, seeks back pay for time subsequent to his discharge from military

In 1982, eight years after his discharge, plaintiff filed an application with the Army Board for Correction of Military Records (ABCMR) to have his Army records amended to show that his back injury was service-connected. Admin. Rec. at 89–91. After a review of the record and materials submitted by plaintiff, the ABCMR concluded that the application was untimely, that plaintiff had been "physically unfit for retention in the military service by reason of a physical disability that existed prior to his entrance on active duty and which was not aggravated by his military service," that there had been "no basis to process him for medical separation," and that there was "no basis for the correction of records as requested." Admin. Rec. at 91. Plaintiff was notified of this adverse decision by letter dated February 8, 1983. Admin. Rec. at 88.

In 1988, plaintiff again filed a claim with the Veterans Administration seeking a disability pension. The Veterans Administration denied that request because plaintiff had not served in the military for 90 days. Admin. Rec. at 77–78.

Also in 1988, plaintiff again applied to the ABCMR for correction of records to show service-connected disability. Admin. Rec. at 71–72. The ABCMR regarded plaintiff's second application as a request for reconsideration of its denial of his initial 1982 application and declined to consider it because plaintiff had failed to furnish "new material evidence." Admin. Rec. at 70.

In 1997, plaintiff again applied to the ABCMR, raising, in essence, the same issues as those raised in his prior appeals to the ABCMR. Admin. Rec. at 35–47. Citing the lack of new evidence, the ABCMR again dismissed plaintiff's application. Admin. Rec. at 34.

Plaintiff's current complaint was filed on July 26, 1999, apparently intended as an appeal from the decisions of the ABCMR and the Veterans Administration. Compl. at 1–2.

### III

As stated above, plaintiff seeks back pay for time subsequent to his 1974 discharge from military service, military disability benefits and veteran's disability benefits. When considering a defendant's dispositive motion, we view the facts in a light most favorable to the plaintiff. *See L.D. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349, 1350 (Fed.Cir.1999). However, even if we assume (contrary to the consistent findings of all boards previously considering his claims) that plaintiff incurred service-connected injuries which should have entitled him to an Army disability pension and Veteran Administration disability benefits, there are fatal threshold flaws barring consideration of the merits of the complaint.

### A

■ First, with regard to the denial of benefits by the Veterans Administration, this court does not have jurisdiction to entertain a claim for such benefits. The Court of Appeals for Veterans Claims (formerly called the Court of Veterans Appeals), has *exclusive* jurisdiction to review disability decisions of the Veterans Administration (now the Department of Veterans Affairs). 38 U.S.C. § 7252. The exclusive jurisdiction of that court precludes any jurisdiction in this court concerning veteran disability benefits.

### B

Next, concerning plaintiff's remaining claims, all of which are related to his discharge in July 1974 on the ground that he had been physically unfit for enlistment and induction into the Army, plaintiff's claims are barred by applicable statutes of limitations appearing in 28 U.S.C. § 2401 ("every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues") and 28 U.S.C. § 2501 ("[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues").

With respect to such claims, plaintiff is, in effect, asserting (1) that his discharge was unlawful and consequently he is entitled to back pay from date of discharge to the present and (2) that, contrary to the finding of the medical evaluation board made prior to plaintiff's discharge (and contrary to his

signed Disposition Form, Admin. Rec. at 132), he sustained a service-connected disability which entitled him to a disability retirement pension or some other disability benefit effective as of his separation date in July 1974.

### 1

■ Any such claims grounded on an allegedly unlawful discharge would unquestionably have accrued as of the date of plaintiff's discharge in July 1974, more than 25 years prior to commencement of this action. Consequently, to the extent the complaint asserts an unlawful discharge claim, it plainly fails to state a claim upon which relief may be granted. *See Bonen v. United States,* 229 Ct.Cl. 144, 666 F.2d 536, 539 (1981), *cert. den.* 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1982) (the statutory limitation for challenging a military discharge is six years); *Longhine v. United States,* 230 Ct.Cl. 920, 921–22, 1982 WL 25276 (1982) (a claim against the government for wrongful discharge accrues on the date of discharge); 28 U.S.C. §§ 2401 & 2501.

### 2

■ The accrual date for claims of entitlement to a disability pension or other disability benefits is less certain. Such claims would likely first accrue after discharge unless a statutory board authorized to address and resolve applications for disability retirement compensation had rendered a definitive decision prior to discharge.

The Federal Circuit Court of Appeals stated in *Real v. United States,* 906 F.2d 1557, 1560 (Fed.Cir.1990) (citing *Friedman v. United States,* 159 Ct.Cl. 1, 310 F.2d 381, 385 (1962), *cert. den.,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963)) as follows:

> The generally accepted rule is that claims of entitlement to disability retirement pay do not accrue until the appropriate board either finally denies such a claim or refuses to hear it.... The decision by the first statutorily authorized board which hears or refuses to hear the claim is the triggering event. If at the time of discharge an appropriate board was requested by the service member and the request was refused or if the board heard the service member's claim but denied it, the

limitations period begins to run upon discharge. A subsequent petition to the correction[ ] board does not toll the running of the limitations period ...; nor does a new claim accrue upon denial of the petition by the correction[ ] board .... However, "where the Correction Board is not a reviewing tribunal but is the first board to consider or determine finally the claimant's eligibility for disability retirement, the single cause of action accrues upon the Correction Board's final decision." [quoting *Friedman*] Thus, under *Friedman* if the service member had neither requested nor been offered consideration by a retiring board prior to discharge, the later denial of his petition by the correction[ ] board was the triggering event, not his discharge.

(Citations omitted.)

Thus, a critical question concerning the accrual date of plaintiff's judicial claim for disability benefits is whether the medical evaluation board which determined prior to his discharge that his back condition was not service connected was a "statutorily authorized board" referred to in the quotation from *Real.* If so, then the accrual date for plaintiff's remaining claims would be his discharge date.

But even if the medical evaluation board were not statutorily authorized to determine disability claims (a matter which we need not resolve here), the *Real* and *Friedman* decisions make plain that the date of a definitive decision by the ABCMR, in response to plaintiff's application to correct records to reflect his entitlement to disability benefits, is, at the latest, the accrual date of his judicial claim for such benefits. That date is determined to be February 8, 1983, the date of the letter informing plaintiff of the final decision of the ABCMR. Admin. Rec. at 88. Obviously, more than six years elapsed from such date before plaintiff filed the instant case.

*Real* and *Friedman* make plain that the statutes of limitation begin to run once the *first* statutorily authorized board hears or refuses the claim. *Real,* 906 F.2d at 1560 (citing *Friedman,* 310 F.2d at 390). "A subsequent petition to the corrections board

does not toll the running of the limitations period." *Real,* 906 F.2d at 1560 (citing *Friedman,* 310 F.2d at 390). As a result, plaintiff's second and third applications to the ABCMR did not have the effect of extending or restarting the running of the statutory six-year limitation period.

Because plaintiff did not assert his present military disability claims in a court within six years of the accrual of such claims (whether such accrual date be the date of his discharge or the date of the first ABCMR decision), he fails to state a claim upon which relief may be granted.

## IV

Based on the foregoing, defendant's motion filed on September 9, 1999 to dismiss the complaint is GRANTED. Accordingly, it is ORDERED that judgment be entered in favor of defendant. Each party shall bear its own costs.